THE CHICAGO & WEST MICHIGAN RAILWAY COMPANY v. THOMAS NESTER.

*Superior court of Grand Rapids—Exclusive jurisdiction of actions against city officers.*

1. How. Stat. § 6576, giving to the superior court of Grand Rapids *exclusive* jurisdiction of *all* actions of a *civil* nature brought by or against any *officer* of said city, is constitutional.

2. Where the marshal of the city of Grand Rapids seized property by virtue of a tax warrant, which was replevied by the owner in the circuit court for the county of Kent, and a plea in abatement to the jurisdiction of the court was interposed, claiming that the superior court of said city had *exclusive* jurisdiction under How. Stat. § 6576,—

   *Held,* that it was unnecessary to show that the assessment roll was a *valid* one in the plea, the prohibition of the statute being aimed at the suing of a city officer in the circuit court; and that all matters going to the *merits* of the action, as the *validity* of his process and the *legality* of his action under it, were vested exclusively in the superior court.

Error to Kent. (Montgomery, J.) Argued November 4, 1886. Decided November 17, 1886.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*J. W. Ransom,* for defendant.

MORSE, J. The plaintiff brought replevin in the Kent circuit court to recover the possession of a safe claimed to have been unlawfully detained by the defendant.

Upon the filing of the plaintiff's declaration, the defendant interposed a plea of abatement; setting forth in said plea, in substance, that said circuit court had no jurisdiction of the cause of action stated in the declaration, but that the superior court of the city of Grand Rapids had exclusive jurisdiction of the same, for the reason " that the said defendant is, and was at the time of the alleged detention of the goods and chattels " described in the affidavit, writ, and declaration, an officer of the city of Grand Rapids, to wit, marshal of said city, and a resident therein; "that as such officer, at the time aforesaid, he had in his hands an assessment roll for the compensation awarded for property taken to open, widen, and extend Crosby street," in said city, which assessment roll contained uncollected assessments against said plaintiff to the amount of $255; that an *alias* warrant, executed by the mayor of Grand Rapids, under the seal of the city, directed to said marshal, was attached to said assessment roll, commanding him to collect said tax, etc., and authorizing him, in default of the payment of said tax, to levy and collect the same by distress and sale of any personal property upon the premises for which the same was assessed, or in the possession of the person chargeable with such tax; that the plaintiff refused to pay such tax, and thereupon the said marshal had levied upon and seized, within the limits of said city, the property in issue in said suit, by virtue of said warrant, to satisfy said tax, and then held the same under such

levy, as such marshal of said city, and in no other capacity.

The plaintiff demurred to said plea in abatement, thereby admitting its truth.

The court below held the plea good, and overruled the demurrer, and rendered judgment for a return of the property to the defendant.

The ruling of the circuit court was based upon the provisions of section 13 of the superior court of Grand Rapids act, as amended in 1881, whereby it is claimed the Legislature gave exclusive jurisdiction in cases like the present to that court. The language of the section is as follows :

"Said superior court shall have exclusive jurisdiction of all actions of a civil nature, at law or in equity, which may be brought by or against the board of education of said city, or by or against the said city, or any of its officers." How. Stat. § 6576.

The superior court of Grand Rapids was organized under an act of the Legislature of 1875, and in 1877 was clothed with this exclusive jurisdiction as to city officers. See Act 147, Laws of 1877, § 13 p. 139.

Two objections are urged against the judgment of the court below:

1. That the plea is defective, as it does not appear therein that the assessment roll was a valid one, or that the property was in the city of Grand Rapids when replevied, or that the plaintiff was a resident of said city, or had any portion of its road or other property within said city.

2. That the statute undertakes to deprive the circuit court of jurisdiction conferred upon it by the Constitution, which action is beyond the reach of the legislative powers.

It appears clearly enough that the property was seized within the city; and, being held by the city marshal under such seizure at the time of the replevin, the presumption is plain that it was within the city at that date.

Nor is it necessary to show that the assessment roll was a valid one in the plea in abatement. The prohibition of the

statute is aimed at the suing of a city officer in the circuit court.

Whether he is acting under valid process or not, whether the tax itself is valid or invalid, or whether the plaintiff is a resident of or has any portion of its railway within the city, does not concern the issue presented to us.   These are matters going to the merits of the controversy.   It is admitted, for the purposes of the case as before us, by the demurrer, that the defendant is an officer of the city of Grand Rapids, and has no relation to this suit except in his official capacity. He took the property into his possession by virtue of a warrant directed to and commanding him, as such officer, to seize the goods in issue here, and has no other claim upon them.

When this appears, if the statute is not in violation of the Constitution, the jurisdiction to determine and try the question as to the validity of his process, or the legality of his action under it, becomes vested exclusively in the superior court.

It is argued that the circuit courts within this State are constitutional courts; and that the jurisdiction conferred upon them by that instrument cannot be disturbed or destroyed by the Legislature.   This may well be admitted.

It is then further claimed that the attempt of the Legislature to confer upon this municipal court exclusive jurisdiction in all cases against the officers of said city interferes with the constitutional jurisdiction of the circuit court for the county of Kent, and is therefore void.   The Constitution provides that—

"The circuit courts shall have original jurisdiction in all matters, civil and criminal, not excepted in this Constitution and not prohibited by law."   Article 6, § 8.

"Municipal courts, of civil and criminal jurisdiction, may be established by the Legislature in cities."   Article 6, § 1.

It was held in *People v. Hurst*, 41 Mich. 328, 334, that "the

original jurisdiction of circuit courts, civil and criminal, is subject to legislative exceptions," and that there was nothing in the Constitution preventing original jurisdiction in a municipal court over crimes committed within a city.

We also find nothing in the same instrument to interfere with the conferring, by the Legislature, of original jurisdiction in the superior court of Grand Rapids over suits brought by or against the officers of that city.

The judgment of the court below is therefore affirmed, with costs.

The other Justices concurred.