# Cullman County *v.* Blount County.

## *Assumpsit.*

(Decided April 15, 1909.   49 South. 315.)

1. *Counties; Action Against; Venue.*—The Act of Feb. 27, 1907, (Local Acts 1907, p. 291) merely authorizes action in any of the courts of Cullman county having jurisdiction thereof, and does not change the general rule that an action against the county shall be brought in the courts thereof.

2. *Same; Division; Apportionment of Debt.*—Upon the division of counties it is not necessary that the act detaching portions from one county and attaching it to another should apportion the debt. This may be done subsequently without invading any vested right within the meaning of the Constitution, as was done by Local Acts 1907, p. 290.

3. *Limitation of Action; Accrual of Right of Action.*—Blount county built a bridge and subsequently a part of its territory, including a part of the bridge, was detached and joined to Cullman county. Subsequently, the Legislature passed an act making Cullman county liable therefor and giving Blount county a right of action against Cullman county on this demand. Held, the statute of limitations did not commence to run against Blount county's action until the date of the statute rendering Cullman county liable for the claim.

APPEAL from Blount Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by Blount county against Cullman county, for part of a bridge. Judgment for plaintiff and defendant appeals. Reversed and remanded.

GEORGE H. PARKER, and JOHN A. LUSK, for appellant. There is no authority for bringing this suit in Blount county, and the act in question did not change the venue.—11 Cyc. 611; 22 Ency P. & P. 808; 97 N. C. 86; 67 Id. 101; 67 Id. 330; 5 W. & S. 181; 31 S. W. 694. The general rule is that a county from which territory has been transferred loses all claim or share in the property unless the act transferring it provides differently. —11 Cyc. 357; 16 Ohio 446; 58 Miss. 619; 84 Pac. 712.

The legislature could not afterwards take this vested right away, and authorize Blount county to bring this suit.—Cooley's Const. Lim. pp. 109, 110, 454, 483, 508 and 508; *Aldrich v. R. R.,* 2 S. & P. 199; *Coosa R. Steamboat Co. v. Bartow,* 30 Ala. 127; *Banks v. Speer,* 97 Ala. 568; *Lindsey v. U. S. S. & Assn.,* 120 Ala. 168; *Askew v. Hale County,* 54 Ala. 643; *Chambers County v. Lee County,* 55 Ala. 536; 16 Mass. 87; 92 U. S. 307; 7 A. & E. Ency of Law, 790.

WARD & WEAVER, for appellee.—The general statutes in reference to venue has no application here, since it was changed by the special acts. The legislature has power and authority to authorize this suit in the passage of the local acts in question.—*Ex parte Lusk,* 82 Ala. 502; *Lovejoy v. Beeson,* 121 Ala. 606; Cooley on Const. Lim. p. 461; 6 L. R. A. 665; 42 U. S. 1047; 26 U. S. 102. There is no merit in the objection going to the inefficiency of the record of the Blount county Commissioner's court.

DOWDELL, C. J.—This is an action by the county of Blount against the county of Cullman to recover one-half of the costs for the building of a bridge by said Blount county, known as the "Albritton Bridge" over Mulberry river. The action is based on an act of the legislature approved February 27, 1907 (Loc. Acts 1907, p. 290), providing for the payment by the county of Cullman of one-half of the costs of the building of said bridge. The suit was brought in the circuit court of Blount county. The first question presented for our consideration is that of venue, raised by the plea in abatement to the jurisdiction of the circuit court of Blount county.

In suits against counties, the rule as to venue is stated as follows in 11 Cyc. p. 611: "As a general rule all

[Cullman County v. Blount County.]

suits against a county must be brought in the courts of the defendant county. Courts of other counties have no jurisdiction in the absence of a statute conferring it, and it does not follow that because counties may bring a suit in another county that the same rule may be applied to them when defendant." It has been the uniform practice in this state, where a suit is brought against a county, to begin the suit in the court of the defendant county. There has been no decision by this court that we know of contrary to this rule of practice, and so far as we are informed this is the first time this question has been directly presented. It is insisted, however, that under the provisions of the act of February 27, 1907, suit was authorized to be brought "in any of the courts of this state," and that consequently it was properly instituted in the circuit court of Blount county. This contention is based on section 4 of the act, which reads as follows: "The county of Blount may maintain all proper actions in any of the courts of this state against the county of Cullman or against the county officers of Cullman county necessary or proper to enforce the provisions of this act." If the construction should be given this section called for by the contention of counsel for the appellee, then the suit might be brought in the county of Mobile or Houston, or, as for that matter, in any other county of the state, and that too whether the action was against Cullman county or "against the county officers of Cullman county." We are quite clear that it was never intended by said act to authorize the commencement of a suit by Blount county against a resident citizen of Cullman county in the county of Mobile, or in any other county than that of his residence. We construe the section of the act under consideration to intend nothing more than the authorization of actions in any of the courts of this state, in Cullman county having

jurisdiction of the subject-matter, "necessary or proper" (that is the language of the statute) "to enforce the provisions of this act." Our conclusion therefore is that the trial court erred in overruling the plea in abatement.

The next question raised and discussed by counsel goes to the merits of the controversy, and that is as to the power and authority of the legislature, by the act of February 27th, to fix upon Cullman county a portion of the indebtedness incurred by Blount county in the building of the bridge in question. The bridge was built and completed in the latter part of the year 1900. At the time the bridge was built, the territory on both sides of the river that it spanned was wholly within the county of Blount. By an act of the legislature approved March 5, 1901 (Loc. Acts 1900-01, p. 2051), the boundary line between the counties of Blount and Cullman was changed; the river spanned by the bridge being made the boundary between the two counties, and that part of the territory of the county of Blount on the side of the river next to the county of Cullman being given to the latter county, which included one-half of the bridge, and middle of the stream being the dividing line. At the date of the passage of this act, the indebtedness incurred by the county of Blount in the construction of the bridge was unpaid. No apportionment of this indebtedness between the two counties was provided for in the act of March 5, 1901, when the territory was detached from Blount county and given to the county of Cullman, and not until the passage of the act of February 27, 1907. It is not denied, but conceded by counsel for appellant, that it was within legislative competency at the time of the passage of the act of March 5, 1901, changing the boundary line between the two counties, and by which a portion of the territory of Blount county was taken and given to the county of Cullman, to have at the same

time by said act apportioned the indebtedness of Blount county as to the detached territory and imposed the same on the county of Cullman. This doctrine finds full support in our own cases of *Chambers County v. Lee County,* 55 Ala. 534, and *Askew v. Hale County,* 54 Ala. 639, 25 Am. Rep. 730, and we think it may be said that the authorities are uniform on the proposition.

But it is contended that, unless the apportionment is made at the time the territory is detached from one and given another county, it cannot be done by any subsequent legislative act upon the theory that by the first act a status has been fixed and rights vested which cannot be afterwards changed or taken away, and that to do so would be retroactive legislation creating a cause of action out of past transactions. This doctrine is not without support in some of the earlier decisions, notably the cases of *Hampshire County v. Franklin County,* 16 Mass. 87, and *Windham v. Pollard,* 4 Mass. 389, cited by counsel for appellant; but the weight of authority in the more modern cases is opposed to this view. The principle of apportionment of indebtedness in such cases rests upon moral and equitable obligations as between the communities losing and acquiring the territory, and it is upon this theory that the Legislature acts in making the apportionment. Whether the legislative act which detaches the territory makes the apportionment or not, the moral obligation remains the same. We do not see why the sovereign through its legislature may not enforce by subsequent legislation the moral obliga tion as well as at the time the moral obligation is created Nor in such legislation an invasion of any vested rights within constitutional inhibition. The constitutional in- hibition against retroactive laws does not apply to legislation recognizing and affirming such obligation of a subordinate branch of the state with respect to past

transactions. It is designated and intended to prevent retrospective legislation injuriously affecting individuals, and thus protect vested rights from invasion.— *New Orleans v. Clark,* 95 U. S. 644, 24 L. Ed. 521.

The precise question we have here is one of first impression in this court, but it is one not without its precedent in other jurisdictions. The case of *Perry County v. Conway County,* 52 Ark. 430, 12 S. W. 877, 6 L. R. A. 665, is directly in point. The apportionment of indebtedness was made, as in the present case, by subsequent legislation, and it was upheld by the Supreme Court of Arkansas, citing cases of other jurisdictions. The principle involved also finds support in the following cases: —*Williams v. Eggleston,* 170 U. S. 304, 18 Sup. Ct. 617, 42 L. Ed. 1047; *Mobile v. Kimbal,* 102 U. S. 691, 26 L. Ed. 238; *New Orleans v. Clark,* 95 U. S. 644, 24 L. Ed. 521. We are of opinion that the act of February 27, 1907, was wholly within legislative competency and not invasive of any vested rights within the meaning of the constitution, and that the debt thereby imposed on the county of Cullman is a valid and binding obligation enforceable in the proper tribunal.

This is the principal question involved in the litigation as stated by counsel in brief. There are other questions of minor importance, but such as are not likely to arise on another trial. We will observe, in conclusion, that there is no merit in the pleas of the statute of limitations filed in the case. The right of action was given by the act of February 27, 1907.

For the error in overruling the plea in abatement on the matter of venue, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.