COMMON COUNCIL OF THE CITY OF NILES v. DeLAND.

MUNICIPAL CORPORATIONS—CITIES OF FOURTH CLASS — ANNEXING TERRITORY—HOME-RULE ACT—AMENDMENT BY IMPLICATION.
A city of the fourth class organized and still operating under Act No. 215, Pub. Acts 1895 (1 Comp. Laws 1915, § 2872 et seq.), which provided complete machinery whereby a city might enlarge its boundaries, properly proceeded under said act in annexing certain territory rather than under the home-rule act (Act No. 279, Pub. Acts 1909, 1 Comp. Laws 1915, § 3304 et seq.), which expressly gave cities the option to remain as they were or come under it, and therefore did not by implication amend Act No. 215.

Mandamus by the common council of the city of Niles to compel Charles J. DeLand, secretary of State, to file an order of determination changing the boundaries of the city of Niles. Submitted June 13, 1922. (Calendar No. 30,138.) Writ granted July 20, 1922.

*Stuart B. White,* for plaintiff.

*Merlin Wiley,* Attorney General, *Samuel D. Pepper* and *Donald W. Sessions,* Assistants Attorney General, for defendant.

219—Mich.—39.

BIRD, J. The city of Niles is a city of the fourth class, by virtue of Act No. 215 of the Public Acts of 1895 (1 Comp. Laws 1915, § 2872 *et seq.*). It did not take advantage of the option extended to it of coming under the home rule act (Act No. 279 of the Public Acts of 1909 [1 Comp. Laws 1915, § 3304 *et seq.*]), but is still operating under Act No. 215. Being desirous of annexing certain territory in August, 1921, it took steps to bring it about under the provisions of Act No. 215. The common council petitioned the board of supervisors to act in the matter. The board of supervisors acted favorably thereon and made an order granting the prayer of the petition. A certified copy thereof was tendered to defendant, as secretary of State, in pursuance of the provisions of Act No. 215, but the secretary of State refused to accept and file the same, giving as a reason therefor that the city should have proceeded under Act No. 279 of the Public Acts of 1909 and not under Act No. 215.

In the brief filed on behalf of the attorney general, it is argued that the city never had the power to enlarge its own borders. When it was a city by special charter the legislature had that power. When Act No. 215 made plaintiff a city of the fourth class the board of supervisors was invested with that power, and the only power the city had was to initiate the proceedings. This being so, it is said Act No. 279 took no right away from plaintiff, but did amend the power theretofore given to the board of supervisors by providing that the board should submit the proposition to the districts to be affected, and that thereby Act No. 215 was amended by implication. We are unable to concur in this reasoning. The city of Niles became a city of the fourth class when Act No. 215 went into effect. That act provided the complete machinery for enlarging its boundaries (chapter 2).

When the home rule act was passed it left it optional with cities to remain as they were or to come under it.   This right of option was not left to inference but it was expressly declared, as follows:

"Each city now existing shall continue with all its present rights and powers until otherwise provided by law."  Act No. 279, Pub. Acts 1919, § 2 (1 Comp, Laws 1915, § 3305).

Had this provision been omitted it might be plausibly argued that Act No. 279 superseded Act No. 215 by implication, but in the face of this positive declaration we do not think it can be said that the provisions of Act No. 215 were so amended.

If plaintiff has remained and operated under Act No. 215, which it seems to be conceded that it has since Act No. 279 was passed, it is now vested "with all its present rights and powers" that it was when Act No. 279 took effect.   If we say now that it has not the right to initiate the proceedings, which will be determined by the board of supervisors, we must say that Act No. 279 has deprived it of that right contrary to the provision just quoted.   But it is argued that the rule is well settled that there can be no vested right in methods of procedure.   This is very true.   The plaintiff does not contend but what the legislature would have a right to take away the right to initiate the proceeding and have it determined by the board of supervisors, but what it insists is that the legislature has not done so.   Therefore, it has a right to exercise it.   It might be argued with as much consistency that other sections of Act No. 215 have been amended by implication by Act No. 279 and these amendments might go on until plaintiff would be really operating under Act No. 279 without its consent, notwithstanding the fact that the legislature had clearly given it the right to remain outside if it chose.   We think the intent of the legislature is very

clear that Act No. 279 was not intended to repeal any special or statutory acts under which cities might be operating except in those instances where it is expressly provided.

We are of the opinion that the secretary of State was in error in the position which he took. A copy of this opinion may be served upon him and if it should become necessary the writ of mandamus may issue requiring him to accept and file the order heretofore tendered to him. No costs will be allowed either party.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.