*In the* MATTER OF LANDAAL.

1. STATUTES—CONSTRUCTION—INCONSISTENCIES.
   If there is any proper way in which claimed inconsistencies in a statute can be reconciled, the court will so construe it as to give meaning to all parts of the act.

2. SAME—CONSTRUCTION.
   One provision in a statute is not to be construed so as to render nugatory any other provision if, by any reasonable construction, it may be unnecessary to do so.

3. SAME—CONFLICT BETWEEN GENERAL AND SPECIAL PROVISIONS—PRESUMPTIONS.
   Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when the two provisions are contemporaneous, the legislature not being presumed to have intended a conflict.

4. HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—STATUTES.

Special provision in act respecting actions for alienation of affections which abolishes right to issue or enforce body executions on any judgment theretofore rendered, does not render such judgments nugatory since they may be otherwise enforced, and, therefore, is not in conflict with general provision of same act, a saving clause, preserving causes of action which accrued prior to effective date of act (Act No. 127, §§ 6, 8, Pub. Acts 1935).

5. EXECUTION—HUSBAND AND WIFE—ALIENATION OF AFFECTIONS.

Provision in act respecting actions for alienation of affections is construed as abolishing right to further enforce body executions, even when issued prior to effective date of the act, on judgment for alienation of affections (Act No. 127, § 6, Pub. Acts 1935).

6. CONSTITUTIONAL LAW—DUE PROCESS—RETROACTIVE LEGISLATION —ABOLITION OF BODY EXECUTION IN ACTIONS FOR ALIENATION OF AFFECTIONS.

Act respecting alienation of affections even when construed as abolishing right to further enforce body executions issued prior to effective date of act *held,* not unconstitutional as a denial of due process or as retroactive legislation, since it only destroys a remedy, not the judgment, and leaves other substantial or efficacious remedies to enforce judgment creditor's rights (U. S. Const. art. 1, § 10; 14th Am.; Mich. Const. 1908, art. 2, §§ 9, 16; 3 Comp. Laws 1929, § 15125; Act No. 127, § 6, Pub. Acts 1935).

7. SAME—STATUTES—REPEAL—PENDING ACTIONS.

Statutes are not unconstitutional where they abolish old remedies and substitute new; or even without substituting any, if a reasonable remedy remains and if the statute providing a remedy is repealed while proceedings are pending such proceedings will be thereby determined unless the legislature provides otherwise.

8. STATUTES—TITLE OF ACT—CONSTITUTIONAL LAW—ALIENATION OF AFFECTIONS.

Title of act in relation to declaring public policy of State respecting causes of action for alienation of affections and kindred actions *held,* to fairly inform legislature and public of its purpose and meet requirements of Constitution (Const. 1908, art. 5, § 21; Act No. 127, Pub. Acts 1935).

9. HABEAS CORPUS—COSTS—PUBLIC QUESTION—STATUTES.

> *Habeas corpus* for release from body execution issued on judgment for alienation of affections is granted without costs where question is a public one and could not be determined prior to a judicial interpretation of language of act abolishing remedy of body execution on such judgments (Act No. 127, Pub. Acts 1935).

Petition by Arthur J. Landaal for writ of *habeas corpus* against Benjamin H. Rosema, sheriff of Ottawa County, to obtain his release from Ottawa couny jail where he was held under *capias ad satisfaciendum* under judgment in favor of Claude Baumbach. Submitted October 10, 1935. (Calendar No. 38,672.) Writ issued October 25, 1935.

*Louis H. Osterhous,* for petitioner.

*Dean S. Face,* for respondent.

BUTZEL, J. May 15, 1935, one Claude Baumbach, as plaintiff, recovered a judgment against Arthur J. Landaal, for damages for the alienation of affections of Baumbach's wife. August 6, 1935, a body execution was issued and on August 30, 1935, the Ottawa county sheriff took Landaal into custody. On September 21, 1935, Act No. 127, Pub. Acts 1935, became effective. The title of the act is as follows:

"An act in relation to declaring and carrying into effect the public policy of the State with respect to causes of action for alienation of affections, criminal conversation, seduction and breach of contract to marry, actions thereon, contracts with respect thereto and actions and proceedings in connection therewith; to prescribe penalties for the violation thereof; and to repeal certain acts and parts of acts."

The sections that are pertinent to the issue in the present case are as follows:

"SECTION 1.  All civil causes of action for alienation of affections * * * are hereby abolished. * * *

"SEC. 6.  The right to issue *or enforce* executions against the body on any judgment heretofore rendered based on any of the causes of action specified in section one is hereby abolished. * * '*

"SEC. 8.  Nothing contained in this act shall be held to apply to any civil cause of action for alienation of affections * * * which has accrued prior to the effective date of this act.  *  *  *

"SEC. 9.  All causes of action abolished by this act, which have heretofore accrued, shall be commenced within ninety days after this act goes into effect, and if not so commenced shall be completely barred.

"SEC. 10.  Each section and provision of this act shall be construed separately. * * * This act shall be liberally construed to effectuate the object thereof."

In the instant case Arthur J. Landaal petitions for a writ of *habeas corpus,* directed to the sheriff of Ottawa county.  He claims that, under the above quoted section 6, the right to enforce executions against the body in any judgment theretofore rendered for alienation of affections has been abolished and therefore he is unlawfully imprisoned.  While the attorneys for petitioner and respondent differ in the interpretation of the provisions of Act No. 127, they agree that its terms are uncertain and lead to confusion.  The issue narrows itself down to the question whether the act prevents the further enforcement of a body execution against the petitioner when both the judgment for alienation of affections was obtained and the body execution had been issued and was being enforced, prior to the effective date of the act.  Respondent claims that because of sec-

tion 8 the act, as a whole, including section 6, does not apply to any causes of action that accrued prior to the effective date of the act. Petitioner contends that section 6 is an exception to the other provisions of the act, as it distinctly states that the right to "enforce executions against the body on any judgment heretofore rendered * * * is hereby abolished;" that while section 8 preserves the right to obtain a judgment up to the expiration of the period specified in section 9, it does not preserve the right to enforce a *body execution* in such cases. Sections 6 and 8, while apparently inconsistent, can be reconciled. In construing statutes, if there is any proper way in which claimed inconsistencies can be reconciled, the court will do so and give meaning to all parts of the act. *Lovalo* v. *Michigan Stamping Co.,* 202 Mich. 85; *Taylor* v. *Isabella Circuit Judge,* 209 Mich. 97; *Chicago, D. & C. G. T. J. R. Co.* v. *Simons,* 210 Mich. 418; *City of Grand Rapids* v. *Crocker,* 219 Mich. 178. A provision in the statute is not to be construed so as to render nugatory any other provision if by any reasonable construction it may be unnecessary to do so. *Smith* v. *Jones,* 15 Mich. 281; *Hitchcock* v. *Hogan,* 99 Mich. 124; *City of Grand Rapids* v. *Crocker, supra.*

In *Crane* v. *Reeder,* 22 Mich. 322, 334, the court through Mr. Justice CHRISTIANCY stated the rule which we have frequently referred to:

"That where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts or pro-

visions are contemporaneous, as the legislature are not to be presumed to have intended a conflict. See, Dwarris on Statutes (2d Ed.), 513, 668; *Standen* v. *University of Oxford,* W. Jones, 17, 26 (82 Eng. Rep. 11); *Nichols* v. *Bertram,* 3 Pick. (20 Mass.) 342; *State* v. *Rackley,* 2 Blackf. (Ind.) 249; *Stockett* v. *Bird,* 18 Md. 484; *McFarland* v. *Bank of State,* 4 Pike (4 Ark.), 410; *Pearce* v. *Bank of Mobile,* 33 Ala. 693; *Brown* v. *County Commissioners,* 21 Pa. 37; *Town of Ottawa* v. *LaSalle County,* 11 Ill. 654; *State, ex rel. Fosdick,* v. *Mayor, etc., of Perrysburg,* 14 Ohio St. 472; *Black* v. *Scott,* 2 Brock. (U. S. C. C.), 325.''

See, also, *Woodworth* v. *City of Kalamazoo,* 135 Mich. 233; *Edwards* v. *Auditor General,* 161 Mich. 639; *Heims* v. *School District No. 6 of Davison Twp.,* 253 Mich. 248.

Section 6 *specifically* provides for an exception to the general provisions of section 8. It abolishes the right to enforce executions on judgments rendered prior to the effective date of the act. It does not, however, render such judgments nugatory; it only takes away one of the remedies for enforcing such judgment. Execution may be issued on such judgment against the goods and chattels of the judgment debtor; he still remains subject to a judgment creditor's bill or proceedings may be brought against him under 3 Comp. Laws 1929, § 15125. A reasonable construction of the act leads to the conclusion that it abolishes the right to further enforce body executions, even when issued prior to the effective date of the act, on judgments for alienation of affections.

Respondent claims that this construction of section 6 of the act would make the act unconstitutional because it would deprive plaintiff Baumbach of a

substantial vested right without due process of law,[*] that the act is retroactive [†] in affecting execution in the process of enforcement at the time the act became effective. The change in the act is not unconstitutional as it only destroys the remedy and not the judgment, there being other substantial or efficacious remedies left whereby the party can enforce his rights. See *C. H. Little Co.* v. *L. P. Hazen Co.,* 185 Mich. 316, 321, and *Grand River Avenue Christian Church* v. *Berkshire Life Ins. Co.,* 254 Mich. 480, where the question is fully discussed and authorities assembled. The correct rule is stated in Cooley, Constitutional Limitations (8th Ed.), p. 754, as follows:

"And it (the legislature) may abolish old remedies and substitute new; or even without substituting any, if a reasonable remedy still remains. *If the statute providing a remedy is repealed while proceedings are pending, such proceedings will be thereby determined, unless the legislature shall otherwise provide.*"

To like effect see *John S. Hanes & Co.* v. *Wadey,* 73 Mich. 178 (2 L. R. A. 498); *Heineman* v. *Schloss,* 83 Mich. 153; *Gittings* v. *Gittings,* 197 Mich. 446; *Niles Common Council* v. *DeLand,* 219 Mich. 609; *Backus* v. *Fort Street Union Depot Co.,* 169 U. S. 557 (18 Sup. Ct. 445); *Bank of Hamilton* v. *Dudley,* 2 Pet. (27 U. S.) 492.

Further objection is made to the constitutionality of the act on the ground that the title is violative of Constitution 1908, art. 5, § 21, which reads:

"No law shall embrace more than one object which shall be expressed in its title."

---

[*] See U. S. Const., 14th Am.; Mich. Const. 1908, art. 2, § 16.— REPORTER.

[†] See U. S. Const., art. 1, § 10; Mich. Const. 1908, art. 2, § 9.— REPORTER.

Plaintiff's claim is that the object of the legislation is not adequately expressed in the title. We believe that it fairly informs the legislature and public of its purpose as a law, and, therefore, meets the requirements set up by article 5, § 21. *People* v. *Phippin,* 70 Mich. 6; *Vernor* v. *Secretary of State,* 179 Mich. 157 (Ann. Cas. 1915 D, 128); *People* v. *Worden Grocer Co.,* 118 Mich. 604; *Mackin* v. *Detroit-Timkin Axle Co.,* 187 Mich. 8.

The application for the writ of *habeas corpus* is granted, but without costs, since the question is a public one and could not be determined prior to a judicial interpretation of the language of the act.

POTTER, C. J., and NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.