## CITY OF GRAND RAPIDS *v*. OTTAWA COUNTY CIRCUIT JUDGE.

1. ACTION—ABATEMENT OF NUISANCE.
   A suit to enjoin the defendant from maintaining an alleged nuisance upon its land is an action of a civil nature.

2. COURTS—JURISDICTION—SUPERIOR COURT OF GRAND RAPIDS—CIVIL ACTIONS.
   The superior court of Grand Rapids has exclusive jurisdiction of civil actions against the city of Grand Rapids (CL 1948, § 727.13).

3. ACTION—LOCAL ACTIONS—MUNICIPAL CORPORATIONS—VENUE.
   An action against a municipal corporation is inherently local and must be brought in the county in which the municipality is situated.

4. VENUE—CHANGE OF VENUE—ACTION AGAINST MUNICIPAL CORPORATION.
   A suit begun against a municipal corporation in the county in which the corporation is located may be transferred to another county under the statute providing for a change of venue (CL 1948, §§ 610.2–610.8).

5. COURTS—CHANGE OF VENUE—ACTION AGAINST MUNICIPAL CORPORATION—SUPERIOR COURT OF GRAND RAPIDS.
   The circuit court of Ottawa county lacked jurisdiction, in the absence of a change of venue, over suit to enjoin city of Grand Rapids, located in Kent county, from maintaining a work farm on land owned by the city in Ottawa county on

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, Nuisances § 146 *et seq.*
[3–5] 38 Am Jur, Municipal Corporations §§ 716–718; 39 Am Jur, Nuisances § 164.
[3–5] Right to lay venue of action against municipality in county other than that in which it is situated. 93 ALR 500.
[5] Venue of suit to enjoin nuisance. 7 ALR2d 481.
[6] 14 Am Jur, Costs §§ 37, 91.

which prisoners who had been sentenced to serve terms in the Kent county jail were kept for purpose of working them on the land in view of statute giving the superior court of Grand Rapids exclusive jurisdiction of civil actions against the city and also providing for a change of venue therefrom (CL 1948, §§ 727.13, 727.30).

6. Costs—Public Question—Civil Action Against City of Grand Rapids.

No costs are allowed in original proceeding of prohibition and mandamus whereby city of Grand Rapids sought to prevent further proceedings against it in the circuit court of Ottawa county to enjoin an alleged nuisance, a public question being involved.

Original petition by City of Grand Rapids, a municipal corporation, for writs of prohibition and mandamus directed to Raymond L. Smith, Ottawa County Circuit Judge, and James W. Bussard, Prosecuting Attorney, to forestall further proceedings in a pending chancery action seeking to enjoin development of park by labor of prisoners from county jail. Submitted January 11, 1955. (Calendar No. 46,302.) Writs granted April 14, 1955.

*Samuel H. Himelstein,* City Attorney, for plaintiff.

*James W. Bussard,* Prosecuting Attorney, for defendants.

Boyles, J. This is an original proceeding in this Court wherein the city of Grand Rapids seeks writs of prohibition and mandamus to prevent the circuit judge and prosecuting attorney for Ottawa county from taking any further proceedings in a suit now pending in said county, except to dissolve a certain temporary injunction and dismiss the suit.

Said suit was started by a bill in chancery filed by the prosecuting attorney in the name of the people

to enjoin Grand Rapids from maintaining an alleged nuisance on certain land owned by the city in Ottawa county, by keeping and maintaining thereon for the purpose of working on said land prisoners who had been sentenced to serve terms in the Kent county jail. Hereinafter said premises will be referred to as the work farm. The bill alleged that the defendants were guilty of

"maintaining a nuisance and that said property is presently maintained by said defendants as a prison work farm and constitutes a nuisance on said property within the meaning of CL 1948, § 606.4 (Stat Ann 1953 Cum Supp § 27.545), for this:" (adding certain reasons).

The circuit judge granted a temporary injunction *ex parte,* restraining the city from maintaining said work farm. Thereupon the city filed a motion to dissolve said injunction on the grounds that exclusive jurisdiction over said matter was vested solely in the superior court of Grand Rapids, that the prosecuting attorney lacked authority to bring said suit in the name of the State to abate said alleged nuisance, and that the bill of complaint failed to allege facts to bring said alleged nuisance within the class of nuisances which might be abated by a suit by the prosecutor in the name of the State.

The circuit judge denied the motion and the instant proceeding followed. On leave granted we issued an order directing the defendants to show cause why mandamus should not issue to dismiss said temporary injunction, and a writ prohibiting further proceedings in said cause. We also stayed the operation of the temporary injunction until the further order of this Court. Record and briefs have been filed here and the matter submitted as a motion.

Does the superior court of Grand Rapids have exclusive jurisdiction of said chancery action brought by the prosecuting attorney in the circuit court in Ottawa county?

The superior court of Grand Rapids was created by the legislature by PA 1875, No 49,[1] under the authority of the Constitution of 1850, art 6, § 1.[2] Section 13 of the act[3] as originally enacted defined the jurisdiction of the court, and stated, among other things:

"And said court shall also have exclusive jurisdiction of all actions at law of a civil nature, which may be brought by or against the city of Grand Rapids, or which may be brought by or against the board of education of the city of Grand Rapids."

By PA 1877, No 147, the wording of this provision was changed as follows:

"The said superior court shall have  *  *  *  exclusive jurisdiction of all actions at law of a civil nature, which may be brought—1st. By or against the board of education of the said city; 2d. By or against the said city or any of its officers."

As now worded, the same provision, found in CL 1948, § 727.13 (Stat Ann § 27.3623), is as follows:

"And said superior court shall have exclusive jurisdiction of all actions of a civil nature at law or in equity, which may be brought by or against the board of education of said city, or by or against the said city or any of its officers."

Obviously, in the case at bar, the chancery action in the Ottawa county circuit court is an action of a civil nature, brought therein against the city of Grand Rapids. It is equally plain that the legisla-

---

[1] CL 1948 and CLS 1952, § 727.1 *et seq.* (Stat Ann and Stat Ann 1953 Cum Supp § 27.3611 *et seq.*).

[2] For like provision, see Const 1908, art 7, § 1.

[3] Now found in CL 1948, § 727.13 (Stat Ann § 27.3623).

ture, in providing for the superior. court of Grand Rapids, has said that in such an action said court shall have *"exclusive"* jurisdiction, as distinguished from some other actions over which, as stated in said section 13, the superior court shall have *"original* jurisdiction, *concurrent* with the circuit court for the county of Kent." There is a significant difference between "exclusive" jurisdiction and "original * * * concurrent" jurisdiction, plainly indicated in said section 13.

Does PA 1875, No 49, creating the superior court, control? Counsel for defendants points to the Constitution of 1908, art 7, § 10, wherein it provides:

"Circuit courts, shall have original jurisdiction in all matters civil and criminal not excepted in this Constitution and not prohibited by law."

PA 1875, No 49, quite plainly prohibits by law circuit courts from having jurisdiction over actions of a civil nature at law or in equity, brought against the city of Grand Rapids (except by a change of venue), by giving the superior court "exclusive" jurisdiction thereof.

Shortly after said Act No 49 was passed, its constitutionality was upheld by this Court in *Chicago & West Michigan Railway Co.* v. *Nester,* 63 Mich 657, where the Court said (pp 659–661):

"Two objections are urged against the judgment of the court below: * * *

"2. That the statute [PA 1875, No 49, as amended by PA 1877, No 147] undertakes to deprive the circuit court of jurisdiction conferred upon it by the Constitution, which action is beyond the reach of the legislative powers. * * *

"The prohibition of the statute is aimed at the suing of a city officer in the circuit court. * * *

"It is admitted, for the purposes of the case as before us, by the demurrer, that the defendant is an

officer of the city of Grand Rapids, and has no relation to this suit except in his official capacity. * * *

"When this appears, if the statute is not in violation of the Constitution, the jurisdiction to determine and try the question as to the validity of his process, or the legality of his action under it, becomes vested exclusively in the superior court.

"It is argued that the circuit courts within this State are constitutional courts; and that the jurisdiction conferred upon them by that instrument cannot be disturbed or destroyed by the legislature. This may well be admitted.

"It is then further claimed that the attempt of the legislature to confer upon this municipal court exclusive jurisdiction in all cases against the officers of said city interferes with the constitutional jurisdiction of the circuit court for the county of Kent, and is therefore void. The Constitution provides that—

" 'The circuit courts shall have original jurisdiction in all matters, civil and criminal, not excepted in this Constitution and not prohibited by law.' Article 6, § 8 [Const 1850].

" 'Municipal courts, of civil and criminal jurisdiction, may be established by the legislature in cities.' Article 6, § 1 [Const 1850].

"It was held in *People* v. *Hurst,* 41 Mich 328, 334, that 'the original jurisdiction of circuit courts, civil and criminal, is subject to legislative exceptions,' and that there was nothing in the Constitution preventing original jurisdiction in a municipal court over crimes committed within a city.

"We also find nothing in the same instrument to interfere with the conferring, by the legislature, of original jurisdiction in the superior court of Grand Rapids over suits brought by or against the officers of that city."

The general rule in the United States is stated in 93 ALR 501, as follows (citing cases from 17 jurisdictions):

"Under what is perhaps the prevailing view on the question, an action against a municipal corporation is inherently local and must be brought in the county in which the municipality is situated."

See, also, 64 CJS 1047, Municipal Corporations, § 2202 *et seq.; In re Matter of Landaal,* 273 Mich 248.

In *Pack, Woods & Co.* v. *Township of Greenbush,* 62 Mich 122, this Court held (syllabus):

"A township cannot be sued in any other county than that of which it forms a part."

In *Hall* v. *Dickinson,* 204 Mich 545, this Court held that a municipality must be sued in the county in which it is located.  The Court held (syllabus):

"While a municipality may not be sued outside of its own county, a suit begun therein may be transferred to another county under CL 1915, §§ 12341–12347 (CL 1948, §§ 610.2–610.8 [Stat Ann §§ 27.642–27.648]), providing for change of venue."

In that connection, section 30 of the act creating the superior court as added by PA 1905, No 11,* expressly provides for a change of venue from the superior court of Grand Rapids to the circuit court of Kent county, or of any other county in this State.

Counsel for defendants calls attention to *Clark* v. *City of Grand Rapids,* 334 Mich 646, wherein a civil action involving the city of Grand Rapids concerning this same land was heard in the circuit court of Ottawa county and reviewed in this Court.  However, the question of exclusive jurisdiction in the superior court of Grand Rapids was not raised or referred to in said case.  Counsel for plaintiff here, in their brief, indicate why the city preferred not to raise the question of the lack of jurisdiction of the Ottawa court in that case.

---

* CL 1948, § 727.30 (Stat Ann § 27.3640).—REPORTER.

Act 49, PA 1875, creating the superior court of Grand Rapids, is a special act involving and including jurisdiction over civil actions against the city of Grand Rapids. General statutes defining the jurisdiction of circuit courts cited and relied on by counsel for the defendants do not control. *Edwards* v. *Auditor General,* 161 Mich 639; *Heims* v. *School.District No. 6 of Davison Township,* 253 Mich 248; *In re Matter of Landaal, supra; Reed* v. *Secretary of State,* 327 Mich 108; *Mayor of Port Huron* v. *City Treasurer of Port Huron,* 328 Mich 99.

We conclude that in the absence of a change of venue the circuit court in Ottawa county lacked jurisdiction over the chancery action here involved. Other grounds urged by plaintiff need not be considered.

If necessary, the writs of prohibition and mandamus will issue. No costs, a public question being involved.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, and KELLY, JJ., concurred.

DETHMERS, J., did not sit.