103 So.2d 333

Sam **EDELMAN**

v.

E. F. **POE** et al.

**7 Div. 340.**

Supreme Court of Alabama.

May 22, 1958.

Knox, Jones, Woolf & Merrill, Anniston, for appellant.

Blackmon & Harwell, Anniston, for appellees.

LIVINGSTON, Chief Justice.

On May 4, 1956, appellant, the complainant in the court below, filed an original bill of complaint in the Circuit Court of Calhoun County, in Equity, against the appellees, respondents, in the court below, to foreclose a mortgage on certain real estate described therein. We will hereafter refer to that proceedings as the foreclosure suit.

On May 24, 1956, the appellant filed another suit against appellees in the same court seeking an injunction against the appellees from committing waste on the same described land, and prayed for a judgment against each of the respondents for damages sustained by complainant, and for an attorney's fee for handling that suit, and for general relief. We will hereinafter refer to that proceedings as the injunction suit.

To the injunction suit, appellees, on June 8, 1956, filed a plea in abatement. The plea in abatement alleged, in substance, that the appellant had, on May 4, 1956, filed an identical suit on the same note and mortgage involved in the injunction suit invoking the jurisdiction of the court to ascertain the amount of said mortgage debt and for a foreclosure of said mortgage. It was alleged in said plea that this suit, the injunction suit, is unnecessary, malicious and vexatious, and that a judgment in the foreclosure suit would be conclusive and operate as a bar to the injunction suit. It alleged that the claim of waste set out in the injunction suit was, and is, inherent in the foreclosure proceedings. The plea in abatement was held sufficient in law, and thereafter the cause came on for hearing.

The proceedings in the foreclosure suit were introduced and proof made of the allegations of the plea. The original bill in the foreclosure suit is, therefore, before us as evidence, also an answer filed in that

cause. The court found the facts alleged in plea to be true and rendered a final decree on September 4, 1956 abating the injunction suit. This appeal is from that decree.

It is alleged in an answer to the plea in abatement (an unusual procedure—see Equity Rule 27, Code 1940, Tit. 7, Appendix, and Templeton v. Scruggs, 234 Ala. 146, 174 So. 237) that the waste arose after the original bill in the foreclosure suit was filed.

■ The rule is that when a bill is filed which is not sufficient to invoke the jurisdiction of the court an amendment will not confer jurisdiction by alleging facts which occur after the original bill was filed, which facts would have been sufficient had they existed when the bill was filed. But if the bill is sufficient to invoke the jurisdiction of the court, events subsequently occurring may be brought in by amendment, thus avoiding the necessity of a supplemental bill under the old chancery practice. See Equity Rule 28(2); Harper v. Raisin Fertilizer Co., 158 Ala. 329, 48 So. 589; Thompson v. Thompson, 261 Ala. 376, 74 So.2d 419.

The foreclosure suit contained equity to foreclose the mortgage and nothing alleged in the injunction suit was necessary to confer such right.

■ The next question presented was whether liability for waste committed by a mortgagor in possession is involved in a foreclosure suit. We must therefore analyze the claim for waste as between the mortgagor and the mortgagee. It was stated in Federal Land Bank v. Southmont Mfg. Co., 219 Ala. 447, 122 So. 426, that a mortgagor of land may be enjoined by the mortgagee from committing waste by cutting timber only when it impairs the security or renders it insufficient. It is said in 59 C.J.S. Mortgages § 334, p. 461, that in the matter of damages in a suit by the mortgagee for waste "any damages he collects must be applied pro tanto on the mortgage indebtedness." Also, that the damages the mortgagee may recover "are limited to the impairment of his security at the time of the commission of the waste and to the amount of the mortgage debt." This principle is fully supported in Alabama in the case of Moses Bros. v. Johnson, 88 Ala. 517, 7 So. 146.

The mortgagee's interest in the waste committed by the mortgagor is its effect on the security for the debt. Whatever he collects on that account is not independent of the debt. The amount of the indebtedness secured by the mortgage should be ascertained before the sale of the property. Burns v. Austin, 225 Ala. 421, 143 So. 824. Therefore, waste can be made a part of the inquiry in ascertaining the amount of the mortgage debt. A final decree of foreclosure should ascertain the amount of the mortgage debt, allow the mortgagors time to pay it, and, in default, order a sale of the property by the register. After the sale, a deficiency judgment may be rendered on the motion of the mortgagee when it is necessary. Equity Rule 119½; Graham v. O'Neal, 242 Ala. 72(6), 4 So.2d 897.

It is our opinion that any claim for damages for waste brought by the mortgagee against the mortgagors is involved in the foreclosure suit between them, although it would not add to or take from the amount of the mortgage debt ascertained in the foreclosure suit, unless the damages for waste had been collected by the mortgagee. Since such claim is by the mortgagee against the mortgagors in both suits, the ascertainment in the first suit for that amount is conclusive on the second suit.

This appellant, as we have stated, is also seeking an injunction against appellees from committing waste which was not expressly prayed for in the foreclosure suit. We have no doubt that this may be accomplished by petition in that suit, or by an amendment to the bill. Hendrix v. American Freehold Land Mortgage Co., 95 Ala. 313, 11 So. 213; Anderson v. Englehart,

**390**

18 Wyo. 409, 108 P. 977; 59 C.J.S. Mortgages § 664, p. 1189, notes 39 and 40; also at p. 1245, notes 5, 6 and 7.

But appellant contends in substance that it is not necessary to proceed in the foreclosure suit either by amendment or by petition to obtain an injunction, but that he has the privilege of filing an independent suit for that purpose apart from the foreclosure suit. We do not find any authority which supports that contention.

The rule is stated in 1 C.J.S. Abatement and Revival § 43, p. 71, that "a second action should be abated, if the party who institutes it is able to obtain in the prior pending action all the relief which he asks in the second, or to which he is entitled; or, as otherwise expressed, a second action should be abated where every material right or question asserted therein could be ajudicated in the prior pending action, or where the whole purpose of the second action is attainable in the first." We find no authority which conflicts with this principle.

Since complainant in this suit seeks relief, all of which is attainable in the first suit, although an amendment of the bill in that case should be made which entitles complainant to all such relief, the trial judge correctly abated the second suit on said plea.

Since this cause was submitted in this court, appellees have filed with the clerk further proceedings had in the first case. The procedure and practice of this court prohibits consideration of such matter on this appeal. It should be stricken ex mero motu and the clerk of this court is ordered to return such matter to appellees or their counsel.

The decree abating the injunction suit must be affirmed.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.