211 So.2d 451

## Ex parte DOTHAN–HOUSTON COUNTY AIRPORT AUTHORITY et al.

### In re DALE COUNTY

v.

### DOTHAN–HOUSTON COUNTY AIRPORT AUTHORITY et al.

#### 4 Div. 237.

Supreme Court of Alabama.

May 23, 1968.

J. Theodore Jackson, Dothan, Douglas Arant and Thad G. Long, Bradley, Arant, Rose & White, Birmingham, for petitioner.

Chas. O. Stokes and Chas. L. Woods, Ozark, for appellees.

COLEMAN, Justice.

Petitioners; who are the Dothan-Houston County Airport Authority, a corporation organized under Act No. 265, General Acts 1963, Vol. 2, page 696, and the officers of the corporation; presented to this court their petition for a writ of prohibition to be directed to the Judge of the Circuit Court of Dale County, in Equity, to prohibit him from proceeding to hear a cause which had been instituted against petitioners in said court by Dale County, acting by and through its Court of County Commissioners, and certain residents of Dale County who are owners of property within two miles of Napier Field Airport in Dale County.

The petitioners prayed for a rule nisi directed to the respondent judge requiring him to appear and show cause why he should not be prohibited from further proceeding in said cause filed in the Dale County Circuit Court, in Equity, and that, on final hearing, this court grant a writ of prohibition or other appropriate writ ordering respondent to refrain from further hearing in said cause.

We issued the rule nisi as prayed. The respondent filed his answer to the rule

In applications made to this court for mandamus, this court has stated many times that facts stated in the respondent's uncontroverted answer to the rule nisi will be taken as true, citing, § 1073 of Title 7, Code 1940. Ex parte Cunningham, 270 Ala. 300, 302, 118 So.2d 757, and cases cited in 14 Alabama Digest, Mandamus, ☞164(4). We hold that the same rule applies to facts stated in the answer to a rule nisi issued in applications for the writ of prohibition. The answer of the respondent to the rule in the instant case is not controverted and facts stated in the answer will be taken as true.

Petitioners contend that respondent has no jurisdiction to hear and determine the cause filed against petitioners in the circuit court, in equity, for two reasons. First, petitioners say respondent has no jurisdiction because, in the original bill of complaint in the equity suit, complainants alleged that a statute is unconstitutional and did not demand or request that a copy of the proceedings be served on the Attorney General and no copy was served on him; and, further, that an amendment to the bill of complaint praying that a copy of the bill and amendment be served on him was not sufficient to cure the jurisdictional defect, although, on April 14, 1965, the Attorney General "filed" in the office of the register of the circuit court, in equity, an instrument which states:

"This will acknowledge receipt of Bill for Declaratory Judgment in the matter above referred to, and further service is hereby waived.

"This office does not desire to be heard in this case."

In support of their first insistence, petitioners rely on Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27; Town of Warrior v. Blaylock, 271 Ala. 685, 127 So.2d 618; and other cases holding that service on the Attorney General in such suits for declaratory judgment is jurisdictional.

We adhere to the holding in *Wheeler, Town of Warrior,* and other de-

cisions so holding. We do not here intimate that sending a copy of the bill of complaint by mail, without more, constitutes the service required by the statute. We do hold, however, that the filing of an instrument, by which the Attorney General acknowledges receipt of a copy of the bill of complaint and waives further service and the right to be heard, satisfies the jurisdictional requirement of service on the Attorney General as required by the statute.

In Busch Jewelry Co. v. City of Bessemer, 266 Ala. 492, 98 So.2d 50, the first appeal was dismissed for failure to serve the Attorney General. "After the rendition of this court's decision, appellant filed with the court below an acceptance of service by the Attorney General. * * *" Busch Jewelry Co. v. City of Bessemer, 269 Ala. 180, 183, 112 So.2d 344, 346. By letter, the Attorney General disclaimed any intention of participating in the case. The acceptance and waiver in the second *Busch Jewelry* case is substantially the same as in the instant case. This court proceeded to decide the appeal, and thereby approved the method of service on the Attorney General. If the requirement of service on the Attorney General in the second *Busch Jewelry* case was sufficient, then the service on the Attorney General is sufficient in the instant case. We hold the service sufficient.

The answer of respondent in the instant case shows the following facts:

On February 5, 1965, complainants filed their bill against petitioners.

On March 6, 1965, petitioners filed demurrer to the bill. The demurrer challenged the equity of the bill as a whole and in several aspects but did not raise any question as to lack of jurisdiction of the Dale County Circuit Court, in Equity, nor the failure to serve the Attorney General.

On April 7, 1965, complainants amended their bill, among other things, by praying for service on the Attorney General.

On April 14, 1965, the Attorney General filed his acknowledgment of service and waiver above set out.

On April 26, 1965, petitioners filed pleas in abatement. Plea 1 raised the objection of lack of service on the Attorney General. Plea 2 raises the objection that none of the respondents reside in Dale County. The plea concludes:

"* * * The venue of this cause is not in Dale County, Alabama."

On April 29, 1965, respondent set the pleas down for hearing on May 26, 1965.

On May 11, 1965, complainants filed demurrers to the pleas in abatement.

On May 26, 1965, the parties appeared and respondent heard argument and received briefs on the pleas and demurrers thereto.

On June 3, 1965, the respondent entered orders sustaining the demurrers to the pleas.

As to Plea 1, at the time it was filed, the Attorney General had already filed acknowledgment of service and waiver. We think it is apparent that Plea 1 is not sustained.

Petitioners' second contention is that the court in Dale County has no "jurisdiction" because petitioners are not residents of Dale County and are a "public corporation" not subject to suit in Dale County. This objection, as petitioners have stated in Plea 2, is to venue.

Generally, jurisdiction and venue are separate and distinct. Associated Grocers of Alabama v. Graves Co., 272 Ala. 158, 160, 130 So.2d 17.

"The problems presented call for a proper understanding of the oft-confused and loosely-used terms 'jurisdiction' and 'venue.' The term 'jurisdiction' is used in several senses, but in its general and ordinary use, it means the *power* lawfully conferred on a court to entertain a

suit or proceeding, consider the merits, and render a binding decision thereon. 'Venue' refers to the particular county or other subdivision in which, for the sake of convenience or other commanding policy considerations, the cause is to be heard or tried. Industrial Addition Ass'n v. Commissioner [of Internal Revenue], 1944, 323 U.S. 310, 65 S.Ct. 289, 89 L.Ed. 260; 14 Am.Jur., Courts, § 160; 56 Am.Jur., Venue, § 2." Pepperell Mfg. Co. v. Alabama National Bank, 261 Ala. 665, 667, 75 So.2d 665, 667.

 A plea to the venue may be waived. A plea to the "jurisdiction" should be filed before a general appearance or there is a tacit admission that the court has a right to judge. W. S. Fowler Rental Equipment Co. v. Skipper, 276 Ala. 593, 597, 165 So.2d 375.

 Also, where an amendment makes a new case, defendant has the right to plead to the case thus made in bar or abatement, even though he had pleaded to the merits of the original complaint. *Skipper* case, supra. The amendment to the instant bill did not make a new case. The amendment is in the nature of one adding a necessary party.

 Filing a demurrer, which is not based solely on the matter of jurisdiction of the person, constitutes a general appearance. *Skipper* case, supra.

 Prior to filing Plea 2, petitioners had filed a demurrer not based solely on the matter of jurisdiction of the person. This demurrer constituted a general appearance, and by filing it, petitioners waived the right to file the plea to the venue which they filed later. The demurrer, filed by complainants to the plea, raised this point.

We hold that the plea to the venue was overruled without error because petitioners had waived the right to file it.

In brief, petitioners say:

"In summary, Petitioners have not waived their right to raise the question of proper forum because (1) it is actually a *jurisdictional* question which is always open and (2) the Petitioners have not yet entered a general appearance since the demurrers filed by Petitioners were without legal effect on account of the jurisdictional defect caused by failure to serve the Attorney General at the outset of this case."

 The statute, § 166, Title 7, does say: "* * * the attorney-general * * * shall also be served * * * and be entitled to be heard." The statute does not say when he must be served or that the respondents cannot plead until he has been served. We will not now attempt to say when he must be served. When, as here, the requirement of service on the Attorney General has been satisfied in the early stages of the proceedings before the order holding the plea insufficient was entered, and the Attorney General has waived the right to be heard, the statute does not prevent the demurrer from having the usual and ordinary effect of constituting a general appearance and of a waiver of the right to plead to the venue.

Petitioners rely on Wachter v. Davis, 215 Ala. 659, 111 So. 917, where this court held that an equity court had no jurisdiction to entertain a will contest before the will had been admitted to probate by the probate court. No such lack of the previous existence of a necessary fact appears here.

 Petitioners cite also Edelman v. Poe, 267 Ala. 387, 103 So.2d 333, where this court held that a mortgagee could not maintain a suit against a mortgagor for waste where the mortgagee had already instituted against mortgagor a prior, pending suit for foreclosure. Petitioners rely on a statement in *Edelman* that "* * * when a bill is filed which is not sufficient to invoke the jurisdiction of the court an amendment will not confer jurisdiction by alleging facts which occur after the origi-

nal bill was filed, which facts would have been sufficient had they existed when the bill was filed." *267 Ala.* at 389, *103 So.2d* at 334. The amendment to the instant bill, as here pertinent, merely sought service on the Attorney General. That is not the allegation of the existence of a fact which did not exist when the original bill was filed. § 166, Title 7, requires service on the Attorney General, but does not provide or require that a bill for declaratory judgment allege that the Attorney General has been served prior to the filing of the bill. It is obvious that such a requirement would require an impossible allegation because he could not be served prior to the filing of the bill. The statute requires service on the Attorney General but not an allegation that he has been served. While the bill should include a request for service on the Attorney General, it is the service itself, and not the allegation in the bill, which the statute requires to satisfy the rule of Wheeler v. Bullington, supra.

 Petitioners argue "* * * that the venue of suits against public corporations is really a matter of jurisdiction," citing Cullman County v. Blount County, 160 Ala. 319, 49 So. 315, where this court quoted a statement in 11 Cyc. p. 611, to effect that suits against a county must be brought in the courts of the county, and that " '* * * Courts of other counties have no jurisdiction in the absence of a statute * * *.,' " etc. In *Cullman County*, the venue was challenged by plea in abatement and the concluding sentence of the opinion is:

> "For the error in overruling the plea in abatement on the matter of venue, the judgment must be reversed, and the cause remanded." (160 Ala. at page 324, 49 So. at page 317.)

This court clearly did not regard the lack of proper venue as depriving the court of jurisdiction because this court reversed the judgment and remanded the cause.

> "* * * An appeal will not lie to reverse a void decree. To hold that the de-

cree should be affirmed or reversed is to hold that it is not void." Capps v. Norden, 261 Ala. 676, 681, 75 So.2d 915, 919.

Petitioners cite cases from Tennessee and Michigan which tend to support petitioners' contention that venue does sometimes become jurisdictional. Keeble v. London Utilities, 212 Tenn. 483, 370 S.W. 2d 531; City of Grand Rapids v. Ottawa County Circuit Judge (Smith), 342 Mich. 287, 69 N.W.2d 811. These decisions seem to rest on statutes of those states. We do not think we should follow them here.

For the reasons stated, we are of opinion that lack of jurisdiction in the Circuit Court of Dale County has not been made to appear, that the writ of prohibition should be denied, and that the rule nisi is due to be discharged.

Writ denied.

Rule discharged.

LIVINGSTON, C. J., and HARWOOD and KOHN, JJ., concur.