This is a Petition for a Writ of Mandamus commanding William D. Page, Judge of the Circuit Court of Madison County, Alabama, to vacate his order transferring this case to the Circuit Court of Limestone County, Alabama, and ordering this case restored to the docket of Madison County, Alabama. Writ granted.
On August 2, 1975, Jackie Crabtree was shot in return fire by a deputy sheriff of Limestone County, Alabama, within the confines of said county. The deputy called for an ambulance which, upon arrival, carried Jackie Crabtree to the Athens-Limestone Hospital. Subsequently, Jackie Crabtree was transferred to the Plaintiff hospital in Madison County, where he later died.
Plaintiffs, Petitioners, sought recovery from Limestone County, the Limestone County Commission, the members of the Limestone County Commission, individually, and Buddy Evans, individually, and as the Sheriff of Limestone County under three separate claims as follows: For an account stated, for goods sold and delivered, and for work and labor done.
Petitioners' action was filed in the Circuit Court of Madison County, but was transferred to the Circuit Court of Limestone County on Defendants' motion for change of venue, a copy of the record being sent to the Circuit Court of Limestone County.
The issue is: Where does venue lie in an action against a county on a claim for work and labor done?
Respondents rely on the case of Cullman County v. BlountCounty, 160 Ala. 319, 49 So. 315 (1909), in arguing that in an action against a county, venue is proper only in the courts of the defendant county. In the Cullman County case, the Court determined that venue was not proper in Blount County in an action brought by Blount County against Cullman County to recover one-half the cost of building a bridge, stating:
 "In suits against counties, the rule as to venue is stated as follows in 11 Cyc. p. 611: `As a general rule all suits against a county must be brought in the courts of the defendant county. Courts of other counties have no jurisdiction in the absence of a statute conferring it, and it does not follow that because counties may bring a suit in another county that the same rule may be applied to them when *Page 686 
defendant.' It has been the uniform practice in this state, where a suit is brought against a county, to begin the suit in the court of the defendant county."
The decision incorrectly treats venue and jurisdiction as one and the same. This is not the rule, as shown in Boswell v.Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428
(1974), where it is stated:
 "Venue, as distinguished from jurisdiction, i.e., the power of a court to entertain an action, pertains to convenience, or policy considerations in the matter of allowing a court having jurisdiction to entertain a cause of action. [Cited case omitted.]"
At 20 C.J.S. Counties § 326, the rule concerning jurisdiction as followed in Cullman County v. Blount County, supra, is set out. Additionally, however, § 326 sets forth the rule for venue as follows:
 "In the absence of legislative direction, the venue of an action by or against a county must be according to the course of the common law. In the absence of a special statute, the general statutory provisions apply. If there exists a special statute, however, the special statute controls."
In essence, then, two questions must be answered in determining the proper forum for a lawsuit against a county: 1) What court has the proper jurisdiction (power) to entertain the action? 2) Where is the proper venue (place) for bringing the action?
In stating that courts of one county have no jurisdiction over other counties in the absence of statute, the CullmanCounty case overlooks the statute establishing such jurisdiction. When Cullman County was decided, § 123 of the 1907 Code of Alabama (§ 11-1-2, Ala. Code 1975), provided:
 Every county is a body corporate, with power to sue or be sued in any court of record. (Emphasis added.)
Unlike statutes found in many states, our State has no statute which limits the jurisdiction in actions against a county to courts of record within the defendant county. What the Cullman County v. Blount County case overlooks in stating, "it does not follow that because counties may bring a suit in another county that the same rule may be applied to them when defendant," is that our statutory law has long provided explicitly that defendant counties can be sued in any court of record. (Obviously, additional jurisdictional requisites, i.e., jurisdictional amount requirements, must be met. See Camp v.Marion County, 91 Ala. 240, 8 So. 786 (1891).)
Having addressed the distinction between jurisdiction and venue, we turn to the issue of venue in an action against the county on a claim for work and labor done. Section 6-3-3, Ala. Code 1975, specifically provides that all actions for work and labor done may be commenced in the county in which the work was done. No exception is made for actions against counties and we find that Madison County not only has jurisdiction in this action, but is also the proper venue.
We note that this State has a number of cases accepting the general rule that suits against a public official or against governmental bodies are ordinarily and properly maintained in the County of the official residence. Hardin v. FulliloveExcavating Co., Inc., 353 So.2d 779 (Ala. 1977); Boswell v.Citronelle-Mobile Gathering, Inc., supra. These cases do not stand for the proposition that all actions against public officials of a county or the county itself must be brought in the defendant county. In fact, in Boswell v. Citronelle-MobileGathering, Inc., supra, we noted the general rule, but then found that, although the official residence of the Commissioner of Revenue for the State of Alabama was Montgomery County, venue in an action against the Commissioner in an action under this State's Unclaimed Property Act was proper in the county of the residence of the aggrieved person (Mobile County). This was based on Tit. 47, § 334, Code of Alabama 1940 (presently, §35-12-42, Ala. Code 1975), which specifically provided for venue in these actions. Likewise, the statute here involved provides *Page 687 
that venue in all actions for work and labor done is proper in the county in which the work was done.
Respondents raise the issue whether mandamus to the Circuit Judge in Madison County is an appropriate remedy in light of the fact that the case and the record have already been transferred to the Circuit Court in Limestone County, pursuant to the granting of the Respondents' motion for change of venue.Ex parte Morrow, 259 Ala. 250, 66 So.2d 130 (1953), held that, where the case filed has already been transmitted to another court, mandamus will not lie because the original court could not be ordered to do that which it could not legally do. The very recent case of Ex parte State of Alabama In re MedicalServices Administration, etc., et al. v. Dickerson, et al.,362 So.2d 906 (Ala. 1978), however, refused to follow Ex parteMorrow because that case would necessitate that needless and time-consuming motions be filed and pursued in the county to which the case was transferred. As noted in Dickerson, in addition to wasting time, this would be unjust, expensive, and not within the spirit of our present Alabama Rules of Civil Procedure. See Rule 1 (c), ARCP.
We therefore, hold that mandamus to the Circuit Judge of Madison County is appropriate in this case.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.