CRAWLEY, Judge,
concurring in part and dissenting in part.
*1199 I concur with the majority to affirm the trial court’s dismissal of the claims against Hayth and Bice and the dismissal of the outrage claim against Norfolk. I do not agree with that portion of the opinion that reverses the trial court’s dismissal of the claims against Norfolk for aggravation of an existing injury, negligent infliction of emotional distress, and fraud. The causes of action against Norfolk in the state case allegedly arose in August 1994, the federal case was filed in December 1994, and although the federal case was pending, the state case was filed in October 1995. Applying Ala.Code 1975, § 6-5-440, our Alabama Supreme Court stated:
“ ‘The rule is ... that “a second action should be abated, if the party who institutes it is able to obtain in the prior pending action all the relief which he asks in the second, or to which he is entitled; or, as otherwise expressed, a second action should be abated where every material right or question asserted therein could be adjudicated in the prior pending action, or where the whole purpose of the second action is attainable in the first.” We find no authority which conflicts with this principle.
“ ‘Since complainant in this suit seeks relief, all of which is attainable in the first suit, although an amendment of the bill in that case should be made which entitles complainant to all such relief, the trial judge correctly abated the second suit on said plea.’
“Edelman v. Poe, 267 Ala. 387, 390, 103 So.2d 333, 335 (1958). This Court in that case affirmed a dismissal of the second suit because the relief sought was available in an earlier filed suit even though that relief had not yet been sought in that earlier suit.”
Ex parte Myer, 595 So.2d 890, 892 (Ala.1992).
I would affirm the trial court’s dismissal of the state court case because all of the claims in the later-filed state case could have been brought in the pending federal case; therefore, I must respectfully dissent from that portion of the majority’s opinion reversing the trial court’s judgment.
THIGPEN, J., concurs.