CRAWLEY, Judge,
dissenting.
I must respectfully dissent, as I did in Tyson Foods, Inc. v. Thompson, 719 So.2d 847, 850 (Ala.Civ.App.1998). As I stated in Tyson Foods:
“ ‘The jurisdiction of a circuit court is the power to adjudicate granted by the constitution. The place where such power may be exercised is venue as directed by statute.’ Brogden v. Employees’ Retirement System, 336 So.2d 1376, 1380 (Ala.Civ.App.1976).
“ ‘There is a distinction between jurisdiction and venue. Jurisdiction *159 refers to a court’s inherent power to decide a case, Boswell v. Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428 (1974); Alabama State Bar v. Watson, 289 Ala. 729, 272 So.2d 240 (1972); Ex parte Dothan-Houston County Airport Authority, 282 Ala. 316, 211 So.2d 451 (1968), while venue designates the geographical situs in which a court with jurisdiction may entertain a suit. Ex parte Dothan-Houston County Airport Authority, supra; Associated Grocers v. Graves Co., 272 Ala. 158, 130 So.2d 17 (1961).’
“Redwing Carriers, Inc. v. Foster, 382 So.2d 554, 555-56 (Ala.1980), overruled on other grounds, Professional Ins. Corp. v. Sutherland, 700 So.2d 347 (Ala.1997).
“In Director of State Dep’t of Indus. Relations v. Nolin, 374 So.2d 903 (Ala.Civ.App.1979), this court discussed convenience or policy considerations for having an appeal heard by the circuit court in the county where the unemployment compensation claimant resided:
“ ‘We see no hardship or unfairness in requiring appeals from the board’s decisions to be taken in the circuit court of claimant’s county of residence. In fact, we think the. requirement stems from a desire to aid the claimant in presenting his case to the trial court.’
“374 So.2d at 905. However, in No-lin, this court [without explanation] then concluded that the circuit court of a county where the claimant did not reside lacked jurisdiction, instead of merely being the wrong venue!
“In Ex parte Varner, 571 So.2d 1108 (Ala.1990), the court applied the Alabama Administrative Procedure Act, Ala.Code, § 41-22-1 et seq. (“AAPA”), to appeals to the circuit court from decisions of the board of appeals of the Department of Industrial Relations. Once an appeal is in the circuit court, the Alabama Rules of Civil Procedure apply. Rule 81(a), Ala.R.Civ.P.; Covin v. Alabama Bd. of Examiners in Counseling, 712 So.2d 1103 (Ala.Civ.App.1998). Therefore, Rule 82(d)(1), Ala.R.Civ.P., applies; that rule states:
“ When an action is commenced laying venue in the wrong county, the court, on timely motion of any. defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.’
“(Emphasis added.)
“I would overrule Nolin and the eases relying on it for the proposition that an appeal to the circuit court of a county where the claimant does not reside presents a jurisdictional issue rather than a venue issue.”
719 So.2d at 850-51.