State *v.* Davidson County.

STATE *v.* DAVIDSON COUNTY.

(*Nashville.* February 4, 1896.)

1. CRIMINAL COSTS. *County's liability to State.*

A county is not liable to the State for costs which, upon a commuted sentence for felony, are worked out in the county workhouse. But the county is liable if such costs are paid in cash or its equivalent. (*Post, pp. 179–181.*)

Act construed: Acts 1891, Ch. 123, § 12.

Case cited: State *v.* Sibley, 4 Lea, 738.

2. TAX ON LITIGATION. *County's liability to State.*

A county is not liable to the State for the State tax on litigation attaching to a conviction for misdemeanor, when the defendant, upon payment of fine and costs into the county treasury, in cash, is discharged without payment of the State tax on litigation. (*Post, pp. 181, 182.*)

Case cited: *Ex parte* Griffin, 88 Tenn., 547.

3. FINES. *County's liability to State.*

A county is liable to the State for a fine paid into its treasury in cash upon a commuted sentence under an indictment charging a felony. (*Post, pp. 182–184.*)

Code construed: § 6077 (M. & V.), § 5236 (T. & S.)

FROM DAVIDSON.

Appeal in error from Second Circuit Court of Davidson County. CLAUDE WALLER, J.

Attorney-General PICKLE and J. H. ACKLEN for State.

J. B. BROWN, W. D. COVINGTON, and LELLYETT & BARR for Davidson County.

McALISTER, J.    This suit was instituted on behalf of the State to recover certain fines, taxes, and costs alleged to be due it from the county of Davidson.    A demurrer was interposed in behalf of the county, which was sustained by the Circuit Judge, and the suit was dismissed.    The State appealed, and errors are assigned.    The declaration contains three counts, in which different claims are alleged, and these will be considered *seriatim*.

It is alleged in the first count that, on December 4, 1894, Julius Gillem was indicted in the Criminal Court of Davidson County for felonious assault.    On January 7, 1895, he was convicted, and sentenced to be confined at hard labor in the county workhouse for six months, and until the costs had been worked out.    He served out his term, and, in addition, worked out the costs of the cause, which were $31.65, upon the allowance or credits specified by law.    This amount—$31.65—as costs in said cause, was paid to the Clerk of the Criminal Court of Davidson County by the State. The county received from the labor of said Gillem largely more than the amount of the above costs in said cause.    Hence, plaintiff sues to recover its payment aforesaid.

State *v.* Davidson County.

Section 12 of the workhouse Act of 1891 provides, viz.: "That in all cases where a person is by law liable to be imprisoned in the county jail for punishment, or for a failure to pay a fine and costs, or costs only, as the case may be, in misdemeanor cases, and in felony cases where the punishment has been commuted from confinement in the penitentiary to the county jail, he or she shall be sentenced to be confined, and shall be confined, at hard labor in the county workhouse until the expiration of their sentence of imprisonment, and thereafter until the fine and costs, or costs only, as the case may be, have been worked out, paid, or secured to be paid. All such fines and costs shall be paid to the County Trustee upon receivable warrant of the Judge or Chairman of the Court when paid by the prisoner or his sureties."

It will be observed there is no claim in the first count that any money was collected by the county from this convict, but the claim is based upon the theory that the county, having received the benefit of his labor, must refund the costs which the State was required to pay. We cannot concur in this contention. The prisoner having been convicted of a felony, and being insolvent, the State became liable for the costs, notwithstanding the sentence was commuted to imprisonment in the county workhouse. The object of the statute in authorizing a workhouse sentence in felony cases is to give the State the benefit of the county prisons for the confine-

ment of a large class of its felony convicts, and the operation of the statute is highly beneficial to the State in relieving its main prison and in saving the cost of transportation of prisoners. It was never within the contemplation of the Legislature, in the enactment of this law, to devise a scheme by which the State should derive a revenue from the different counties of the State, by requiring them to account for the labor of these convicts, and reimburse the State for the costs of the prosecution. The case of *State* v. *Sibley*, 4 Lea, 738, does not sustain such a view. In that case the county was held liable for the State tax upon the ground that it had leased out the prisoners, and was deriving a revenue from their labor. In the present case, there is no allegation that the county had leased out the convict, nor any showing that the county had derived any benefit from his labor over and above the cost of his keeping and maintenance.

The third count of the declaration seeks to recover the State tax of five dollars on litigation, upon the following facts: It is alleged that one Thomas Payne was convicted of a misdemeanor, and sentenced to pay a fine of $25 and costs, amounting to $13.15, and State and county tax on litigation, amounting to $10. It is alleged the defendant paid the sum of $38.15, and was released. It is further alleged that the defendant is solvent. The object of this count is to recover the State tax. Since the judgment in the Criminal Court is in the name

of the State, and the defendant is alleged to be
solvent, we are unable to perceive why the county
is called on to pay the tax rather than compel the
defendant to pay it by execution. Counsel, however,
insist that the Clerk of the Criminal Court, having
collected from the defendant and paid over to the
county the sum of $38.15, the State is entitled to
priority in the payment of its tax out of that
amount. We are unable to concur in this conten-
tion. It has been held by this Court that the State
tax on litigation is no part of the costs of a crim-
inal prosecution, and that a prisoner, having paid or
tendered the amount of the fine and costs, was en-
titled to his release, and could not be held to se-
cure or work out the State and county tax. *Ex
parte Griffin*, 88 Tenn., 547. The amount paid by
the defendant in this case covered the fine and
costs, and, having paid that amount, he was entitled
to his liberty, notwithstanding the State and county
tax was left unpaid. The county not having col-
lected the State tax, cannot be held responsible for
it simply upon the ground that it collected the fine
and costs.

The second count of the declaration presents a
more meritorious case. It seeks to recover, first, a
fine of $25 imposed upon a prisoner for the crime
of petit larceny, which it claims was collected by
the county and paid into the county treasury. Sec-
ond, a bill of costs amounting to $11.50, paid by
the State in this felony case, and which afterwards

was collected by the county from the prisoners and paid into the county treasury. The specific allegations of this count are, viz.: On April 10, 1895, W. M. Shaw was convicted in the Criminal Court of Davidson County of petit larceny, and sentenced to pay a fine of $25 and costs, amounting to $11.50, or, on failing to do so, to be confined at hard labor in the county workhouse until said fine and costs has been worked out upon the allowance or credits specified by law. The State paid to the Clerk of the Criminal Court the bill of costs, amounting to $11.50. On April 10, 1895, the prisoner paid said fine and costs in full, and the same were paid over to the County Trustee upon receivable warrant of the Judge of the County Court. The State now seeks to recover fine and costs. We think this statement makes out a *prima facie* case of liability against the county. By § 6077 of M. & V. Code, all fines and forfeitures in State cases, where the indictment is for a felony, go to the State, and in all other cases to the county in which the indictment was found. This being an indictment and conviction for larceny, the State was entitled to the fine, and the county has no claim to the money. Again, the costs having been paid by the State, and afterwards collected in money (not in labor) from the prisoner by the county, the State is entitled to have the money refunded.

It results that there was no error in the action of the Circuit Judge in sustaining the demurrer to

the first and third counts of the declaration, but in respect of the second the demurrer should have been overruled.

For the error indicated, the judgment is reversed, and the cause remanded for an issue upon the second count.