197 So. 82

**STATE v. MONTEVALLO COAL
MINING CO.**

6 Div. 610.

Court of Appeals of Alabama.

March 12, 1940.

Rehearing Denied April 9, 1940.

319

Benners, Burr, McKamy & Forman and Frontis Moore, all of Birmingham, for appellee.

Thos. S. Lawson, Atty. Gen., and C. L. Rowe, Asst. Atty. Gen., for appellant.

320

■■■■■■■■■■

RICE, Judge.

Two questions (which are in effect one) are posed by this appeal: (1) Are settlements between employer and employee consummated under the provisions of Code 1928, § 7550, subject to the $3 Trial Tax levied by Section 9 of the Revenue Act of 1935 (Gen.Acts Ala.1935, pp. 256, 263)? And (2) are such settlements, when same are consummated in Jefferson County, subject to the Jefferson County Library Tax, levied by Act of the Legislature approved August 11, 1927 (Gen.Acts Ala.1927, p. 261)?

The said Section of the Revenue Act of 1935, supra, provides, pertinently, that "a trial tax of three dollars ($3.00) be, and the same is hereby imposed in each case, civil, criminal and equity, which is now pending and which hereafter goes upon the docket of any circuit court in this State, to be taxed and collected as other costs. * * * This trial tax fee shall not, however, be imposed or collected in cases made by any city, or town as a result of the filing by the clerk or other officer of such city or town with the Register of the Circuit Court or like officer of a court of the county having equity jurisdiction, of a list of delinquent taxpayers and property upon which city or town taxes are due as is now or may hereafter be required by law; nor shall said trial tax fee be imposed or collected in any ancillary proceedings, such as garnishment process, resulting from prior proceedings in which said trial tax fee has been imposed, and cases for municipal assessments shall not be subject to such tax, and tax cases."

The levy of the $1 Library Tax on cases arising in Jefferson County will be, to our minds, governed by what we shall have to say with regard to the $3.00 Trial Tax, above. So we shall confine our remarks to the matter of answering the first question stated, to-wit: "Are settlements consummated under Code 1928, sec. 7550 subject to this $3.00 Trial Tax?"

Section 7550 of the Code of 1928, which is exactly the same as Section 12b of the Workmen's Compensation Act of 1919, approved August 23, 1919 to become effective January 1, 1920 (Gen.Acts Ala.1919, pp. 206, 210, 239), is in the following language, to-wit: "§ 7550. Settlements between parties.—The interested parties shall have the right to settle all matters of compensation and all questions arising hereunder between themselves; but all settlements made hereunder must be in amount substantially the same as the amounts or benefits stipulated in this article, unless a judge of the circuit court of the county where the claim for compensation under this chapter is entitled to be made, or upon the written consent of the parties, a judge of the circuit court, or a judge of the probate court of any county determines that it is for the interest of the employe to accept a lesser sum and approves such settlement. Any settlements hereunder may be vacated for fraud, undue influence or coercion, upon application made to the judge approving the settlement, at any time not later than six months after the date of the settlement. Upon such settlements being approved judgment shall be rendered thereon and duly entered on the records of said court in the same manner and to have the same effect as other judgments or as an award if the settlement is not for a lump sum. The costs of the proceedings shall not exceed two dollars and shall be borne by the employer. All moneys voluntarily paid by the employer or insurance carrier to an injured employe in advance of agreement or award shall be treated as advance payments on account of the compensation due." (Ib. § 12b.)

Now because said Code Section provides that the "costs of the proceedings [under same] shall not exceed two dollars and shall be borne by the employer" appellee argues ably that such "proceedings" cannot be made subject—is not subject—to the $3.00 Trial Tax mentioned hereinabove.

The argument proceeds along many lines, and evinces much research and thought. But we agree with the Assistant Attorney General representing the State, that the answer to the question before us hinges upon the collective answer to the three following, subsidiary, questions, to-wit:

1. Is the proceeding under Code 1928, § 7550 a "case" within the meaning of Section 9, supra, of the General Revenue Act of 1935?

2. Does the provision of Section 7550 "the costs of the proceedings shall not exceed two dollars and shall be borne by the employer" contemplate strictly "Court Costs"?

3. Does administrative construction of the trial tax statute (as it then existed) and of the statute providing for approval of Workmen's Compensation settlements (now Code 1928, § 7550) by judges of the circuit court, during period from December 13, 1920, the date of the first Attorney General's opinion, and July 27, 1935, the date of the second Attorney General's opinion, reversing the first opinion, although that administrative construction is erroneous, require that the statutes (as now existent) be construed to mean that the trial tax is not (cannot be) levied and collected in Workmen's Compensation settlements?

Perhaps we should pause to explain that whereas the Workmen's Compensation Act—containing Section 12b, now Code 1928, § 7550—was enacted by the Legislature sitting in 1919, to become effective on *January 1, 1920,* the same Legislature enacted a revenue law to become effective *October 1, 1919,* containing a section 4½, in the following language, to-wit: "That a trial tax of three dollars be, and the same hereby is, imposed in each case, civil, criminal and equity, which hereafter goes upon the docket of any circuit court in this State, to be taxed and collected as other costs, and when collected, to be paid by the clerk of such court, into the general funds of the State treasury." Gen.Acts Ala.1919, pp. 282, 284.

And that upon this status of affairs the then Attorney General rendered an opinion to the Chief Examiner of Accounts on Dec. 13, 1920 to the effect that the "$3.00 trial tax" levied by Section 4½ of the Revenue Law of 1919, supra, could "not be collected in the cases covered by Section 12b of the Workmen's Compensation Act" (now Code 1928, § 7550).

The above opinion of the Attorney General was relied upon, and acted upon, by all the Administrative Officers concerned, notably the various clerks of the circuit courts of the State, and the Chief Examiners of Accounts, until long after the adoption of the Code of 1923, including section 12b of the Workmen's Compensation Act, without change, as Code, § 7550. But we do not feel disposed to follow further this matter of the effect upon the lawful imposition of this "$3.00 Trial Tax" on settlements consummated under Code, § 7550, of the various opinions of the Attorney Generals referred to. It is our view that the counsel for the appellee have the better of the argument—*if there had been*

*no further changes in the law.* It of course *is* true—and we are bound by the holding—that "the re-enactment of the statute [Workmen's Compensation Act 12b as Section 7550 of the Code of 1923] without change may [should] be treated as a legislative approval of the departmental [administrative] construction of the statute, quite as persuasive as the re-enactment of a statute, which has been *judicially construed."* State v. H. M. Hobbie Grocery Co., 225 Ala. 151, 142 So. 46, 47.

But the law was changed—*after* this construction of the Attorney General in 1920 of the two legislative provisions involved, to-wit Section 4½ of the Revenue Act of 1919, supra, in connection with Section 12b of the Workmen's Compensation Act, supra, had ripened into law by the adoption by the Legislature of the Code of 1923.

*Whichever* opinion of the Attorney General may have been correct—the one of Dec. 13, 1920, holding that settlements consummated under Section 12b of the Workmen's Compensation Act (Code, § 7550) were *not* subject to the "$3.00 Trial Tax", and which opinion we think ripened into law by the adoption of the Code of 1923, or the one of July 27, 1935, claimed to *reverse* the holding by the Attorney General of Dec. 13, 1920—we think the situation, here, is not altered.

In the enactment—call it re-enactment, if one prefers—of the law levying the "$3.00 Trial Tax" as Section 9 of the Revenue Act of 1935, supra, the Legislature saw fit to specify, for the first time, those "cases" that should be exempt from its provisions. This, under a well known rule of statutory construction had the effect of making *all* cases, other than those *specified,* subject to the tax. And this without regard to what one or another Attorney General may have thought was the true rule of exemption *prior* to this *specification.*

What we have already written, while perhaps not categorically answering the *third* of the above listed subsidiary questions, will at least serve to indicate our view that the "administrative construction" therein mentioned does *not* require a holding that settlements consummated under Code 1928, § 7550, are *exempt* from the imposition of the "$3.00 Trial Tax" under discussion. And since we have indicated our opinion that the tax was intended to apply to *all* cases other than those *specified* as being exempt from its impo-

sition, as for aught suggested by the *third* of the subsidiary questions, above herein mentioned, the tax should be imposed in the case giving rise to this appeal.

We will now examine the *first* of the said subsidiary questions.

■ As good a definition of a "case," in the sense contemplated by the statutes levying the trial taxes we are discussing, as any we know, and the one we hereby adopt, is the one formulated by appellee's counsel after a rather full discussion of the various definitions found in the reported decisions of a number of courts dealing with the subject, to-wit: "In a legal sense 'case' is generally understood as meaning a judicial proceeding for the determination of a controversy between parties where rights are enforced, or wrongs are prevented or redressed, embracing everything from the filing of the complaint to the entry of satisfaction of the judgment. *It may be defined as a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice;* the facts stated in the pleadings as constituting the cause of action or defense; a state of facts involving a question for discussion; a question contested before a court of justice." (Italics ours.)

■ Applying to this definition the facts disclosed when a "settlement" is consummated under the terms of Code 1928, § 7550, notably that "upon such [settlement] being approved judgment shall be rendered thereon and duly entered on the records of said court in the same manner and to have the same effect as other judgments," it is clear to our minds, and we hold, that there is presented "a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice," and that such "proceedings" become a "case" within the purview of the pertinent Statutes. Our conclusion seems to be supported in this regard by the holding in Lawrence et al. v. United States Fidelity & Guaranty Co. 226 Ala. 161, 145 So. 577.

■ While, in the view we take, it would not be decisive, here, to hold that the "trial taxes" involved were, indeed, additional "Court Costs"—this for the reason that we see nothing to prevent the Legislature from adding, by a later enactment in positive terms, "Court Costs," as such, to those provided in Code 1928, § 7550—yet, as a matter of fact (and law) it seems to us clear that the "trial taxes" are *not*

"Court Costs" as that term is defined and understood in the law, but that they, although *collected* as "Court Costs," are, as they are stated to be, trial taxes.

■ As written by Judge Cooley in his excellent work on Taxation (Cooley on Taxation, 4th Edition, Vol. 1, p. 109, Sec. 33): " * * * if the object of the fee is to provide general revenue rather than to compensate the officers, and the amount of the fee has no relation to the value of the services, the fee is a *tax*." (Italics ours.) In other words, a charge fixed by statute for the service to be performed by an officer, where the charge has no relation to the value of the services performed and where the amount collected eventually finds its way into the treasury of the branch of the government whose officer or officers collect the charge, is not a *fee* but a *tax*." (Italics ours). And see Johnson v. State 85 Tenn. 325, 1 Pickle, 325, 2 S.W. 802, and also State v. Davidson County, 96 Tenn. 178, 12 Pickle 178, 33 S.W. 924.

■ So the imposition of the trial *taxes* here in question cannot properly be said to increase the "Costs of the Proceedings," as the term "costs" is properly construed, under the provisions of Code 1928, § 7550.

■ Appellee's able counsel, arguing feelingly for an exemption from the trial tax of settlements consummated between employer and employee under the provisions of Code 1928, § 7550, observe, with a touch of pathos, that: "Recognizing that under the circumstances many cases would arise where the compensation when looked at as an individual case would be pitifully low, the Legislature used every effort to keep the costs and expenses at a minimum."

We agree that it is obvious, from a most casual reading of the above herein mentioned Workmen's Compensation Act, that many cases *would* arise "where the compensation when looked at as an individual case *would be pitifully low*." And we agree that the Legislature did undertake to keep the "costs," *when same were to be paid by the employer,* at a minimum.

But we think appellee's solicitude in the present case—solicitude *apparently* for the employee— is beside the mark.

It is entirely within the province of the judge approving a settlement under the provisions of Code 1928, § 7550, to see to it, justly, that the *employee* do not have any compensation awarded him which may be

already "pitifully low," further diminished by reason of the exaction of the trial tax herein discussed. And we have no doubt at all that all such judges will be fully alive to their responsibilities.

From what we have written hereinabove it is apparent that it is our opinion that the learned judge, below, was in error in granting appellee's motion to re-tax the costs in the case wherein this intervention arose.

His judgment is reversed; and one here rendered overruling and denying said motion.

The cause is remanded for further proceedings.

Reversed, rendered, and remanded.