RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION-FEES FOR MISCELLANEOUS FILINGS— SETTLEMENT UNDER WORKMEN’S COMPENSATION LAW
Mr. Ray Bozeman, Circuit Clerk of Cov-ington County, has submitted to me the following inquiry:
Code of Alabama, 1975, Section 12-19-71, provides for a docket fee in the amount of $35.00 to be collected in each case filed in Circuit Court.
Code of Alabama 1975, Title 25 Chapter 5, deals with matters relating to Workmen’s Compensation. Section 25-5-56 provides for settlements between parties and requires that such settlements be approved by the Circuit Judge and duly entered in the records of the Court in the same manner and have the same effect as other judgments. Said section also contains the provision that the cost of such proceedings shall not exceed $2.00.
My question is should I, as Circuit Clerk, collect $35.00 or $2.00 in those cases arising under Section 25-5-56, supra .
Opinion # 11, issued February 1, 1978, is withdrawn and is replaced by this Opinion.
Section 12-2-19(d), Code of Alabama 1975, authorizes the Clerk of the Supreme Court to “give his opinion in writing on any question of the interpretation of any rule of *637 administration promulgated by the supreme court to any other officer or official who shows a need for such opinion and requests the same.”
The question, as stated, cannot be answered categorically. Rule 7, Alabama Rules of Judicial Administration, furnishes a key to the answer. A preliminary question to the stated question is: How shall the filing of a settlement under the Workmen’s Compensation Law be treated for cost purposes? Rule 7 must be interpreted in the light of the statutory provisions for court costs and fees.
Rule 7, supra, is as follows:
FEES FOR MISCELLANEOUS FILINGS
Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.
The words, “any filing,” in Rule 7 refer to the words, “cases filed,” in § 12-19-71, supra. See Opinions of the Clerk, No. 1, April 26, 1977, 345 So.2d 1329.
A “case” has been defined as “a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice.” State v. Montevallo Coal Mining Company, 29 Ala.App. 318, 197 So. 82, 86 (1940). See also Bell v. Mar-Mil Steel and Supply Company, 54 Ala.App. 432, 309 So.2d 471, 474 (1975).
“Case” includes a settlement under the Workmen’s Compensation Law. State v. Montevallo Coal Mining Company, supra.
“Consolidated fee structure” in Rule 7 means the fees prescribed in Chapter 19 of Title 12, Code of Alabama 1975.
A fee of $10.00 “for filing settlement under Workmen’s Compensation Act” was removed from the schedule of fees when Section 21 of Title 11, Code of Alabama 1940, as amended, was expressly repealed by Section 16-134 of Act No. 1205, Acts of 1975. There is no express cost under Chapter 19 of Title 12 for filing a settlement under the Workmen’s Compensation Law.
The filing of a settlement under the Workmen’s Compensation Law should be treated as an original filing for cost purposes under Section 12-19-71, Code of Alabama 1975.
That part of Section 12-19-71, Code of Alabama 1975, pertinent to this opinion reads as follows:
Amount of docket fees to be collected in civil cases — The docket fees which shall be collected in civil cases are:
il * * *
“(c) thirty-five dollars for cases filed in the circuit court.”
Attention is directed to Section 12-19-72, Code 1975, which provides that of the docket fees collected in civil cases filed in the circuit court, two dollars ($2.00) shall be distributed to the fair trial tax fund. Section 25-5-56, Code 1975, relating to settlements of workmen’s compensation provides in part: “Such proceedings shall not be deemed subject to State trial, library or other taxes, state or local.”
The Opinion of the Attorney General issued to Ms. Polly Conradi, Clerk of the Circuit Court, Tenth Judicial Circuit of Alabama, on May 5,1977, states that the clerks of the circuit courts of this State cannot charge library taxes in workmen’s compensation settlements.
It is my opinion, in view of the Attorney General’s opinion, that the docket fee for filing settlements in workmen’s compensation cases is thirty-three dollars ($33.00).