RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — FEES FOR MISCELLANEOUS FILINGS— WHEN CASE IS TRANSFERRED FROM SMALL CLAIMS DOCKET TO CIVIL DIVISION OF DISTRICT COURT
SENTELL, Clerk.
Mr. Walter E. Graham, Clerk of the District Court of Montgomery County, has submitted to me, as Clerk of the Supreme Court, pursuant to § 12-2-19(d), Code, 1975, the following question:
Should an additional filing fee be charged when a case is transferred from Small Claims to District Civil within the same office when the defendant files a counterclaim in an amount in excess of $500?
My answer to the question is in the affirmative.
In my opinion, the transfer of a case from small claims to district civil within the same office is a filing that requires the payment of an additional fee under the terms of Rule 7, Alabama Rules of Judicial Administration, which is as follows:
“FEES FOR MISCELLANEOUS FILINGS
Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
This rule should be read in connection with § 12-12-31(a) and § 12-19-71, Code of 1975.
Section 12-12-31(a), Code 1975, is as follows:
Small claims actions; ....
(a) The district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed $500.00. These actions shall be placed on a small claims docket by each district court and shall be processed according to uniform rules of simplified civil procedure as may be promulgated by the supreme court.
The part of § 12-19-71, Code 1975, pertinent to the question, is as follows:
The docket fees which shall be collected in civil cases shall be:
(1) Ten dollars for cases filed on the small claims docket of the district court;
(2) Twenty-five dollars for cases otherwise filed in the district court; ....
the word “filing” in Rule 7 refers to “cases filed” in § 12-19-71, Code 1975. See Opinion of Clerk, No. 11, March 10, 1978, Ala., 356 So.2d 636.
One of the definitions of the verb “file” is: “to place (as a paper or instrument) on file among the legal or official records of an office by formally receiving, endorsing or entering.” Webster’s Third New International Dictionary.
*546 This appears to be an apt definition of “file” when cases are “filed on the small claims docket of the district court” or when cases are “otherwise filed in the district court.”
It is my opinion that a case is “otherwise” filed in the district court when it is placed on a docket other than the small claims docket of the district court.
The term “consolidated fee structure” in Rule 7 means the list of fees prescribed in Title 12, Chapter 19, Code of Alabama 1975. Opinion of Clerk, No. 16, 362 So.2d 1259 (Ala.). There is no express cost under the consolidated fee structure for a filing which is effectuated in the district court by the transfer of a case from the small claims docket.
The words “as an original filing for cost purposes” in Rule 7, when used in connection with a case transferred from the small claims docket of the district court, refer to the words “(2) Twenty-five dollars for cases otherwise filed in the district court” in § 12-19-71, Code 1975.
A fee of $10.00 was collected when the case was placed on the small claims docket of the district court. An additional sum of $15.00 should be paid by the defendant, who filed a counterclaim in excess of $500.00, for the filing of this case on a civil docket of the district court other than the small claims docket.