SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — PREFIL-ING FEES — CITATION FOR CONTEMPT AND PETITION TO MODIFY FINAL DECREE — AGREEMENT FOR MODIFICATION OF FINAL DECREE
Mrs. Katie H. Phillips, Deputy Register of the Family Court, Montgomery County, has submitted to me, as Clerk of the Supreme Court, pursuant to § 12-2-19(d), Code, 1975, the following questions:
1. When a lady files a citation for contempt (to be heard on our non-support docket), and thereafter the former husband files an answer to citation and petition to modify requesting that the court either decrease or terminate his payments, should not the husband be required to pay a docket fee? When a situation such as this occurs the citation for contempt must be delayed for hearing, or transferred to the Domestic Relations Docket for disposition at the time that the husband’s modification is heard. The non-support judge does not normally entertain petitions for modification.
2. Is it necessary to require a double docket fee when a party files a citation for contempt and petition to modify in one pleading requiring only one hearing and actually one filing and process, when the subject matter is related such as contempt regarding visitation and modification of custody and visitation or contempt regarding failure to support and modification of amount or method of payments?
3. When parties submit an agreement for modification of final decree, when no petition is filed, and the judge ratifies, approves and incorporates the agreement into a modified decree, does this not require a filing fee?
*893 The first and third questions are answered in the affirmative. The second question is answered in the negative.
I
Clarification of Clerk’s Opinion No. 25, March 12, 1980, Ala., 381 So.2d 58, was requested in the instances stated in the first and second questions.
Opinion No. 25 stated that a petition for rule nisi and a petition to modify could not be included in the same pleading under one prefiling fee and that there should be separate petitions filed and two prefiling fees charged
Rule 7, Alabama Rules of Judicial Administration, is as follows:
“Fees for Miscellaneous Filings
Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
The “filing,” the collection of which is authorized by Rule 7, is the filing of a case. Opinion of Clerk, No. 1, April 26, 1977, Ala., 345 So.2d 1329; No. 3, May 4, 1977, Ala., 345 So.2d 1338.
It appears from the statement of facts submitted with the first question that the citation for contempt and the petition to modify are entered upon different dockets, are normally heard by different judges and are treated by the court as separate cases.
The basic differences between contempt proceedings and proceedings to modify a final decree were stated in Opinion of Clerk, No. 25, March 12, 1980, Ala., 381 So.2d 58.
A proceeding in contempt is sui generis. State ex rel. Payne v. Empire Life Ins. Co., Ex parte Shearn Moody, Ala., 351 So.2d 538 (1977). It is neither a “civil action” nor a “criminal prosecution” within the ordinary meaning of those terms. International Brotherhood of Electrical Workers v. Davis Constructors and Engineers, Inc., Ala., 334 So.2d 892 (1976).
It is my opinion that, under the facts stated in connection with the first question, a docket fee should be charged on the filing of the petition to modify.
II
It appears from the second question that the court treats proceedings for contempt and modification of the final decree as one case. In this event, only one docket fee should be charged.
III
Clarification of Opinion No. 30, October 20, 1980, Ala., 389 So.2d 1154, was requested in connection with the third question.
Opinion No. 30 stated that there is no authority to collect a docketing fee on modification of a final decree, which contains only an agreement for modification, ratified by the judge, but without any petition being filed.
In Opinion No. 30, it did not appear from the question that the agreement of the parties invoked the jurisdiction of the court to enter a new decree. The judge merely approved the agreement but did not render a decree on the basis of the agreement.
It is my opinion that when an agreement between the parties invokes, as a substitute for a petition, the jurisdiction of the court to modify a final decree by the rendition of a new decree, a filing fee should be paid on the filing of the agreement.