*585 RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — FILING FEES FOR SEVERED CLAIMS
ESDALE, Clerk.
Mr. Allen L. Tapley, Administrative Director of Courts, has requested my opinion as Clerk of the Supreme Court, pursuant to Code 1975, § 12-2-19. Mr. Tapley poses two related questions as to whether Rule 7, Alabama Rules of Judicial Administration, requires a filing fee when claims are severed.
Rule 7 is as follows:
“FEES FOR MISCELLANEOUS FILINGS
“Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
Code 1975, § 12-19-71, provides:
“The docket fees which shall be collected in civil cases shall be:
“(1) Twenty-five dollars for cases filed on the small claims docket of the district court;
“(2) Fifty-nine dollars for cases otherwise filed in the district court;
“(3) Ninety-five dollars for cases filed in the circuit court; and
“(4) An additional $50.00 to be paid at the time the jury is demanded by any party demanding a jury.”
Rule 21, Alabama Rules of Civil Procedure, provides:
“MISJOINDER AND NON-JOINDER OF PARTIES
“Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.”
Rule 42, Alabama Rules of Civil Procedure, provides:
“CONSOLIDATION; SEPARATE TRIALS
„ * * .
“(b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by Article 1, Section 11 of the Alabama Constitution of 1901.”
Several opinions of the clerk have stated that the words “any filing” in Rule 7 refer to “cases filed” within the meaning of § 12-19-71. Also, State v. Montevallo Coal Mining Co., 29 Ala.App. 318, 322, 197 So. 82, 86 (1940), has been quoted for the proposition that a “case” is “a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice.” For example, see Opinion of the Clerk No. 11, 356 So.2d 636, 637 (Ala.1978), and Opinion of the Clerk No. 1, 345 So.2d 1329, 1330 (Ala.1977).
I.
Mr. Tapley’s first question arises in the situation where a defendant in district court files a counterclaim seeking relief beyond the jurisdictional limits of the district court. If the district judge orders that the counterclaim should properly be tried separately in the circuit court, is the circuit clerk authorized to collect the filing fee otherwise prescribed for circuit court civil cases by § 12-19-71?
My opinion is that the filing fee is due to be prepaid by the party who filed the counterclaim in district court. That is, before the circuit clerk dockets the circuit court case, the filing fee should be paid just as if the district court counterclaimant had filed, as plaintiff, an original complaint in circuit court. If the district judge had ordered the counterclaim stricken for lack of subject matter jurisdiction in the district court, the *586 counterclaimant would have had to file a new complaint in circuit court, and such a filing would obviously have required a circuit court filing fee.
This situation is not unlike that in Opinion of the Clerk No. 35, 397 So.2d 545 (Ala.1981). That opinion held that the difference between the small claims court filing fee and the regular district court filing fee should be collected by the court clerk from the defendant when a case is transferred from the small claims docket of the district court to the regular district court docket because the defendant has filed a counterclaim in an amount exceeding the jurisdictional limits of the small claims court.
II.
In the second situation posed by Mr. Tapley, a judge orders one or more parties or claims severed pursuant to Rule 21, A.R.Civ.P. Where a “true” severance under Rule 21 is ordered and the clerk dockets a separate case with a new civil action number, is an additional filing fee required? My opinion is that a filing fee should be prepaid by the party proceeding as plaintiff in the severed action when a party or claim is validly severed pursuant to Rule 21, A.R.Civ.P.
I have referred to a “true” severance because there is much confusion between separate trials, Rule 42(b), A.R.Civ.P., and severances. See C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2387, p. 277 (1971), cited in Key v. Robert M. Duke Ins. Agency, 340 So.2d 781, 783 (Ala.1976). Lawyers and judges tend to use the terms interchangeably, speaking of “severance” when all that is intended is a separate trial.
As noted by the Supreme Court in Key, a significant distinction exists between separate trial and severance. A severance divides a lawsuit into two or more independent causes, each of which results in a separate, final and enforceable judgment, while separate trials usually result in one judgment. See Ex parte Rudolph, 515 So.2d 704, 707 (Ala.1987), and Ex parte Jenkins, 510 So.2d 232, 234 (Ala.1987). Because severed claims become entirely independent actions, it is my opinion that an additional filing fee is required when a party or claim is severed pursuant to Rule 21. Regardless of whether the court acts on its own initiative or on motion of a party, the filing fee should be prepaid by the party proceeding as plaintiff in the separate action.[1] Since a severed claim becomes a separate and independent case for purposes of finality of judgment and appellate review, there is no logical reason to view the claim as part of the original case for filing fee purposes. See also Opinion of the Clerk No. 3, 345 So.2d 1338, 1340 (Ala.1977) (citing Key and stating that “[a] third-party proceeding is not considered an independent case unless there is a severance”).

. See, for example, the form order of severance at 1 C. Lyons, Alabama Practice § 21.7, p. 412 (1973); 1 C. Lyons, Alabama Rules of Civil Procedure Annotated § 21.8, p. 339 (1986). In order to effectuate a "true” severance, judges should explicitly direct the clerk to docket a new civil action and should explain how the new case should be styled. Otherwise, a reviewing court may hold that a "true” severance did not occur, i.e., that only a separate trial had been ordered, even though the word "severance" was used in the judge’s order. See Walker County Petroleum Council, Inc. v. Walker County, 368 So.2d 862, 863 (Ala.1979); Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala.1978).