RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — MODIFICATIONS OF FINAL JUDGMENTS
ESDALE, Clerk.
The Honorable Oliver Gilmore, administrative director of courts, has submitted to me, as clerk of the Supreme Court, pursuant to § 12 — 2—19(d), Code of Alabama 1975, the following request:
“Please clarify the following language in the Opinion of the Clerk No. 37: ‘[Wjhen an agreement between the parties invokes, as a substitute for a petition, the jurisdiction of the court to modify a final decree by the rendition of a new decree, a filing fee should be paid on the filing of the agreement.’ ”
See Opinion of the Clerk No. 37, 403 So.2d 891 (Ala.1981).
In effect, Mr. Gilmore is asking whether there is a distinction between a proceeding resulting in the modification of a final judgment based upon the court’s ratification of an agreement filed by the parties without the filing of a “petition” to modify, and a proceeding resulting in the modification of a final judgment pursuant to the filing of a petition, for purposes of Rule 7, Alabama Rules of Judicial Administration.[1] My opinion is that there is not. Rule 7, entitled “Fees for Miscellaneous Filings,” reads as follows:
“Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes unless the payment of a docket or filing fee is specifically waived by law.”
Opinion No. 37 clarified Opinion of the Clerk No. 30, 389 So.2d 1154 (Ala.1980). Opinion No. 30 had held that there was no authority to collect a docketing fee on modification of a final judgment based only on a judge-ratified agreement between the parties, without the filing of a formal petition. Opinion No. 37 required the invocation of the jurisdiction of the court before a filing fee could be collected on a modification of a final judgment. It stated that from a reading of Opinion No. 30, “it did not appear ... that the agreement of the parties invoked the jurisdiction of the court *883 to enter a new decree”; thus a filing fee was not required. Opinion No. 37, 403 So.2d at 893.
Under Rule 7, the words “[a]ny filing” are to be read in conjunction with the words “cases filed” in Alabama Code 1975, § 12-19-71. Opinion of the Clerk No. 45, 526 So.2d 584 (Ala.1988). The word “case” has been defined as “a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice.” State v. Montevallo Coal Mining Co., 29 Ala.App. 318, 322, 197 So. 82, 86 (1940); Opinion of the Clerk No. 42, 445 So.2d 905 (Ala.1984). In its ordinary use, the term “jurisdiction” means “the power lawfully conferred on a court to entertain a suit or proceeding, consider the merits, and render a binding decision thereon.” Ex parte Dothan-Houston County Airport Authority, 282 Ala. 316, 320-21, 211 So.2d 451, 454 (1968), quoting Pepperell Mfg. Co. v. Alabama Nat’l Bank, 261 Ala. 665, 667, 75 So.2d 665, 667 (1954). (Emphasis omitted.)
It is my opinion that the court’s jurisdiction is invoked when a judge is asked to ratify an agreement modifying a final judgment, regardless of whether a formal “petition” is filed. Opinions No. 30 and No. 37 are overruled insofar as they hold that there is no authority to collect a docketing fee on a request to modify a judgment when the request is based only upon an agreement for modification, to be ratified by the judge, but without the filing of a formal petition.

. Mr. Gilmore’s question refers to a "decree." This is apparently because the fact situations leading to questions such as the one Mr. Gilmore has asked usually arise in domestic relations contexts. Domestic relations matters are generally in the equitable jurisdiction of the trial court, and historically the ruling of an equity court was called a “decree.” With the merger of law and equity under the Alabama Rules of Civil Procedure, an order formerly called a “decree” is now simply a "judgment." See Rules 81(e) and 54(a), Ala.R.Civ.P.; Black's Law Dictionary "Decree” p. 410 (6th ed. 1990). See also Ex parte Boykin, 611 So.2d 322 (Ala.1992) (holding improper the transfer of cases to an "equity division” of the Jefferson Circuit Court and discussing the merger of law and equity).