RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION— FILING FEE FOR CERTIFICATE PURSUANT TO ALA. CODE 1975, § 12-21-282

ESDALE, Clerk.
Frank Gregory, administrative director of courts, has submitted the following question, pursuant to Ala. Code 1975, § 12-2-19(d):
“When [pursuant to Ala. Code 1975, § 12-21-282,] a certificate is received and a hearing is set to secure the attendance of witnesses located in Alabama for criminal proceedings in other states, ... does such action constitute the filing of a ‘case’ within the meaning of Rule 7, Alabama Rules of Judicial Administration, for which a civil docket fee attaches?”
This question requires an interpretation of Rule 7, Alabama Rules of Judicial Administration, which reads as follows:
“Fees for miscellaneous filings.
“Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes unless the payment of a docket or filing fee is specifically waived by law.”
The term “consolidated fee structure” in Rule 7 means the list of fees prescribed in Ala. Code 1975, § 12-19-71. The phrases “[a]ny filing” and “as an original filing for cost purposes” Rule 7 are to be read in conjunction with the phrase “eases filed” in § 12-19-71. Opinion of the Clerk, No. 49, 613 So.2d 882 (Ala.1993). The consolidated fee structure does not specifically provide for a cost for the filing of a § 12-21-282 certificate to obtain a hearing to secure the attendance of witnesses located in Alabama for criminal proceedings in another state.
Section 12-21-282(a) authorized a judge from another state to certify to a court of *571 record in Alabama that a person in Alabama, residing or found within the county of the court of record, is a material witness needed in a criminal proceeding pending in the sister state. Upon receiving the certificate, the court of record to which the certificate was directed is required to set a hearing and to. order the witness to appear at the hearing.
Section 12-21-282(b) provides that if, after the hearing provided for in (a), the court of record in Alabama determines that the witness is material and necessary to the proceeding in the sister state, the court “shall issue a summons ... directing the witness to attend and testify in the court” in the sister state.
Section 12-21~282(e) provides for a procedure to be followed if the certificate from the sister state “recommends that the witness be taken into immediate custody ... to assure his attendance in the requesting state.” Under this subsection, the court of record may, “in lieu of issuing a ... summons, order that said witness be taken into ... custody and delivered to an officer of the requesting state.”
Section 12-21-282(d) authorizes the court of record to punish any witness who “fails without good cause to attend and testify as directed in the summons.”
The proceedings authorized by § 12-21-282 require courts of record in Alabama to exercise their jurisdiction in setting and hold? ing hearings, requiring attendance at _ the hearings, issuing summonses to appear and testify, ordering witnesses taken into custody and transported to the sister state to testify; and punishing witnesses who fail to testify as ordered.
It is my opinion that the filing of a § 12-21-282 certificate requesting a court of record in Alabama to exercise its jurisdiction to compel a witness found in Alabama to attend and testify in a criminal proceeding in a sister state is the “filing of a case” within the meaning of that term in § 12-19-71. See Opinion of the Clerk, No. 42, 445 So.2d 905 (Ala.1984) (an application for a hearing to determine whether a vehicle has been abandoned is a request for a court to exercise its jurisdiction). Therefore, pursuant to Rule 7, Ala.R.Jud.Admin., a filing fee should be paid on the filing of the certificate from the requesting state.