RULE 7, Alabama Rules of Judicial Administration — Transfer from Probate Court to Juvenile Court
ESDALE, Clerk.
Frank Gregory, administrative director of courts, acting pursuant to Ala. Code 1975, § 12-2-19(d), has submitted two questions, asking for opinions of the clerk.
I.
Mr. Gregory’s first question reads:
“When an adoption case is transferred from probate to juvenile court pursuant to § 12-12-35(a) or § 26-10A-24(e), Code of Alabama 1975, does such action constitute the filing of a ‘case’ within the meaning of Rule 7, Alabama Rules of Judicial Administration, for which a docket fee attaches?”
This question requires an interpretation of Rule 7, Ala. R. Jud. Admin., which reads:
“Fees for miscellaneous filings
“Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes unless the payment of a docket or filing fee is specifically waived by law.”
The term “consolidated fee structure” in Rule 7 means the list of fees prescribed in Ala.Code 1975, § 12-19-71. The terms “[a]ny filing” and “as an original filing for cost purposes,” as used in Rule 7, are to be read in conjunction with the term “cases filed,” appearing in § 12-19-71. Opinion of the Clerk No. J9, 613 So.2d 882 (Ala. 1993). The word “case” has been defined as a “state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice.” State v. Montevallo Coal Mining Co., 29 Ala.App. 318, 322, 197 So. 82, 85 (1940); Opinion of the Clerk No. 445 So.2d 905 (Ala.1984).
*109 Although primary jurisdiction over adoption petitions is in the probate court, the juvenile division of the district court may obtain jurisdiction in a contested adoption upon the probate court’s granting a motion to transfer the adoption proceeding. Ala.Code 1975, § 12-12-35, and § 26-10A-24(e); Hicks v. Crosslin, 451 So.2d 324 (Ala.Civ.App.1984).
The consolidated fee structure does not specifically provide for a cost for the transfer of a case from the probate court to the juvenile court; however, such a transfer is a “case” in that it presents a state of facts that furnishes an occasion for the exercise of the juvenile court’s: jurisdiction. This transfer confers lawful jurisdiction in the juvenile court so that it may “entertain [the contested adoption] proceeding, consider [its] merits, and render a binding decision thereon.” Opinion of the Clerk No. 4-9, 613 So.2d at 883, quoting Ex parte Dothanr-Houston County Airport Auth., 282 Ala. 316, 320-21, 211 So.2d 451, 454 (1968). Therefore, it is my opinion that the transfer of a contested adoption proceeding from the probate court to the juvenile court is a “filing” of a case, within the meaning of Rule 7, Ala. R. Jud. Admin., and that the filing requires the payment of a docket fee pursuant to Rule 7.
II.
Mr. Gregory’s second question reads:
“If the answer to Question I is in the affirmative, what docket fee should be charged to this action in juvenile court?”
Ala.Code 1975, § 12-19-90(a)(6), authorizes the probate court to collect a fee of $20 for “[proceedings in filing and granting [a] petition of adoption.” The $20 fee applies to each child adopted. Section 12-19-171(a)(3) requires a docket fee of $85 for “cases in the juvenile division of the district or circuit court.”
Opinion of the Clerk, No. 35, 397 So.2d 545 (Ala.1981), involved a situation in which a docket fee of $10 had been collected by the small claims court. The case, however, was transferred to the district court, civil division, when the defendant filed a counterclaim making monetary demands that exceeded the jurisdictional limits of the small claims court. The opinion held that the defendant should pay an additional filing fee of $15 (the district court fee of $25 less the $10 fee already paid in the small claims court). A later clerk’s opinion discussed that ruling:
“[T]he difference between the small claims court filing fee and the regular district court filing fee should be collected by the court clerk from the defendant when a case is transferred from the small claims docket of the district court to the regular district court docket because the defendant has filed a counterclaim in an amount exceeding the jurisdictional limits of the small claims court.”
Opinion of the Clerk No. 45, 526 So.2d 584, 586 (Ala.1988).
Assuming a fee of $20 is collected when a case is placed on the docket of the probate court, an additional sum of $65 should be paid for the filing of that, case on the docket of the juvenile division of the district court.