RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION

ESDALE, Clerk.
The Honorable Thomas S. Wilson, a circuit judge of the Sixth Judicial Circuit, has submitted the following question, asking for an opinion of the clerk:
“We frequently get motions to sever in cases where Count 1 of the complaint is for retaliatory discharge and Count 2 *1060 is a workers’ compensation claim. Count 1 is a jury trial and Count 2 must be tried non-jury. Our clerk’s office takes the position that this severance requires a new filing fee. The attorneys contend that it is still the same case and that no new filing fee should be paid.... Can you please give me an opinion on this matter?”
This question requires an interpretation of Rule 7, Ala. R. Jud. Admin., which reads:
“Rule 7. Fees For Miscellaneous Filings
“Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes unless the payment of a docket or filing fee is specifically waived by law.”
Rule 21 of the Alabama Rules of Civil Procedure, “Misjoinder and Nonjoinder of Parties,” provides:
“Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.”
Rule 42 of the Alabama Rules of Civil Procedure, “Consolidation; Separate Trials,” provides, in part:
“(b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by Article 1, Section 11 of the Alabama Constitution of 1901.”
The Committee Comments Adopted February 13, 2004, to Rule 21 state, in part:
“Rule 21 provides that: ‘Any claim against a party may be severed and proceeded with separately.’ Confusion has sometimes arisen between a true severance and an order providing for separate trials pursuant to Rule 42(b). The distinction has at least the significance that a judgment on the first of two separate trials is not final, absent an order pursuant to Rule 54(b), Ala.R.Civ. P., while after a true severance a judgment on the first action to come to trial is final and appealable without reference to the proceedings in the severed action. Key v. Robert M. Duke Ins. Agency, 340 So.2d 781, 783 (Ala.1976) ....
“To avoid ambiguity at the time of bifurcation and later uncertainty as to finality, a party seeking a severance or a separate trial should request that the court make clear whether a Rule 21 severance or a Rule 42(b) separate trial is intended. Opinion of the Clerk, 526 So.2d 584, 586 (Ala.1988), expressed the clerk’s opinion that the plaintiff in the severed action should pay a filing fee ‘[wjhere a “true” severance under Rule 21 is ordered and the clerk dockets a separate case with a new civil action number.’ (See also § 12-19-70, Code of Alabama 1975, regarding the waiver of the filing fee based on a verified statement of substantial hardship.) Thus, the parties may remove any ambiguity by obtaining a new docket number and paying a separate filing fee, if a severance is intended and appropriate.”
Opinion of the Clerk No. 45, 526 So.2d 584, 586 (Ala.1988), referenced in the Committee Comments quoted above states:
*1061 “Where a ‘true’ severance under Rule 21 is ordered and the clerk dockets a separate case with a new civil action number, is an additional filing fee required? My opinion is that a filing fee should be prepaid by the party proceeding as plaintiff in the severed action when a party or claim is validly severed pursuant to Rule 21, Ala. R. Civ. P.
“I have referred to a ‘true’ severance because there is much confusion between separate trials, Rule 42(b), Ala. R. Civ. P., and severances. See C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2387, p. 277 (1971), cited in Key v. Robert M. Duke Ins. Agency, 340 So.2d 781, 783 (Ala.1976). Lawyers and judges tend to use the terms interchangeably, speaking of ‘severance’ when all that is intended is a separate trial.
“As noted by the Supreme Court in Key, a significant distinction exists between separate trial and severance. A severance divides a lawsuit into two or more independent causes, each of which results in a separate, final and enforceable judgment, while separate trials usually result in one judgment. See Ex parte Rudolph, 515 So.2d 704 (Ala.1987), and Ex parte Jenkins, 510 So.2d 232, 234 (Ala.1987). Because severed claims become entirely independent actions, it is my opinion that an additional filing fee is required when a party or claim is severed pursuant to Rule 21. Regardless of whether the court acts on its own initiative or on motion of a party, the filing fee should be prepaid by the party proceeding as plaintiff in the separate action.[1] Since a severed claim becomes a separate and independent case for purposes of finality of judgment and appellate review, there is no logical reason to view the claim as part of the original case for filing fee purposes. See also Opinion of the Clerk No. 3, 345 So.2d 1338, 1340 (Ala.1977).

“1 See, for example, the form order of severance at 1 C. Lyons, Alabama Practice § 21.7, p. 412 (1973); 1 C. Lyons, Alabama Rules of Civil Procedure Annotated § 21.8, p. 339 (1986). In order to effectuate a 'true' severance, judges should explicitly direct the clerk to docket a new civil action and should explain how the new case should be styled. Otherwise, a reviewing court may hold that a 'true' severance did not occur, i.e., that only a separate trial had been ordered, even though the word ‘severance’ was used in the judge’s order. See Walker County Petroleum Council, Inc. v. Walker County, 368 So.2d 862, 863 (Ala.1979); Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala.1978).”