*1171
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION

ESDALE, Clerk.
Clerk’s Opinion No. 55 issued on September 14, 2009, is withdrawn, and the following is substituted therefor:
The Honorable Michelle M. Thomason, a district judge of the 28th Judicial Circuit, has submitted the following question, seeking an opinion of the clerk:
“I have read Opinions [of the Clerk No.] 37[, 403 So.2d 891 (Ala.1981) ], 43[, 450 So.2d 1094 (Ala.1984) ], and 44[, 450 So.2d 804 (Ala.1984) ], regarding whether or not a new filing fee is required in certain domestic relations proceedings. Specifically, Opinion [No.] 43 [holds] that if a motion is filed in a pending case to hold a party in contempt for violations of an interlocutory or temporary order in that same case, a new case number need not be assigned, nor a filing fee assessed. However, my question is whether a new filing fee needs to be paid where there is a pending post-judgment motion to modify (in this case, custody), and the defendant, upon filing an answer, also files a motion requesting relief that is unrelated to the initial motion or pending case — a motion for contempt for violations of the original [judgment] (in this case, for nonpayment of alimony and child support). Most likely, regardless of whether the issues are related or whether separate case numbers are assigned, they will all be heard as one proceeding and tried together.”
This question requires an interpretation of Rule 7, Aa. R. Jud. Admin., which reads:
“Rule 7. Fees for Miscellaneous Filings “Any filing for which there is no express cost under the consolidated fee *1172 structure shall be treated as an original filing for cost purposes unless the payment of a docket or filing fee is specifically waived by law.”
The term “consolidated fee structure” in Rule 7 means the list of fees prescribed in § 12-19-71(a), Ala.Code 1975. The terms “[a]ny filing” and “as an original filing for cost purposes,” as used in Rule 7, are to be read in conjunction with the term “cases filed,” appearing in § 12-19-71(a). Opinion of the Clerk No. 52, 826 So.2d 108 (Ala.2001); Opinion of the Clerk No. 49, 613 So.2d 882 (Ala.1993). The word “case” has been defined as a “ ‘state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice.’ ” State v. Montevallo Coal Mining Co., 29 Ala.App. 318, 322, 197 So. 82, 85 (1940) (quoting appellee’s brief (emphasis omitted)); see also Opinion of the Clerk No. 42, 445 So.2d 905 (Ala.1984).
The consolidated fee structure in § 12-19-71(a) does not specifically provide a cost for filing the contempt motion described in Judge Thomason’s request; however, because the motion seeks to hold a party in contempt for violating a portion of the judgment not at issue in the initial postjudgment motion, it is a “case” that presents a “state of facts which furnishes occasion for the exercise” of a court’s jurisdiction. The filing of the contempt motion confers lawful jurisdiction in the district court so that it may “ ‘entertain [the contempt motion], consider the merits, and render a binding decision thereon.’ ” Opinion of the Clerk No. 49, 613 So.2d at 883 (quoting Ex parte Dothan-Houston County Airport Auth., 282 Ala. 316, 320-21, 211 So.2d 451, 454 (1968)).
Therefore, it is my opinion that, in a postjudgment proceeding in a domestic-relations case, initiated by the filing of a motion to modify a custody provision in the final judgment, the filing of a contempt motion alleging nonpayment of child support is the “filing” of a case, within the meaning of Rule 7, Ala. R. Jud. Admin., which requires the payment of a docket fee pursuant to Rule 7. Further, it appears the filing of the contempt motion under these circumstances falls under § 12-19-71(a)(7):
“(7) Two hundred forty-eight dollars ($248) for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order.”
Thus, my answer to the question is that a filing fee is to be charged when a respondent to a petition to modify a custody provision of a final judgment in a domestic-relations case files an answer that includes a motion for contempt for nonpayment of child support, and that fee is $248, as required by § 12-19-71(a)(7).
Additionally, with regard to the authorities cited in Judge Thomason’s request, I note that Opinion of the Clerk No. 37, 403 So.2d 891 (Ala.1981), was explicitly overruled by Opinion of the Clerk No. 49, 613 So.2d 882 (Ala.1993). Opinion of the Clerk No. 44, 450 So.2d 804 (Ala.1984), was decided on the authority of Opinion of the Clerk No. 37; therefore, Opinion of the Clerk No. 44 is hereby overruled.